IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. _____ |
| C.V. STARR & CO., INC. and AMERICAN | ) | |
| INTERNATIONAL MARINE AGENCY OF NEW | ) | **DEMAND FOR JURY** |
| YORK, INC., | ) | **TRIAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff American International Group, Inc. ("AIG" or "Plaintiff") for its complaint against Defendants C.V. Starr & Co., Inc. ("C.V. Starr") and American International Marine Agency of New York, Inc. (the "Marine Agency," together with C.V. Starr, "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1.      AIG, the world's leading insurance enterprise, brings this action for trademark infringement, false designation of origin and related claims against C.V. Starr and its wholly owned subsidiary the Marine Agency, AIG's longstanding former managing general agent in the marine insurance business, to enjoin the Marine Agency's continued unauthorized, deceptive and unlawful use of the designation AMERICAN INTERNATIONAL MARINE AGENCY, the abbreviation AIMA, and any other designation that trades upon the goodwill of AIG's federally registered and world famous marks (referred to collectively herein as AIG's "AMERICAN INTERNATIONAL Marks"). On July 25, 2006, the Marine Agency announced that it deemed the agency relationship with AIG to be terminated. As such, the Marine Agency is no longer AIG's agent and no longer enjoys the

right to use AMERICAN INTERNATIONAL and AIMA in connection with its business. As the federally registered owner of the AMERICAN INTERNATIONAL Marks, including the AIMA designation, AIG will incur substantial damages and suffer extreme irreparable harm through the loss of control of its world famous marks unless Defendants are required to cease using AIG's trademarks. Moreover, AIG will be harmed because Defendants will be impermissibly trading off of the substantial goodwill associated with the AMERICAN INTERNATIONAL Marks, and creating confusion in the marketplace and the false impression that Defendants remain affiliated with AIG, even while the Marine Agency acts as the agent for AIG's direct competitors. Immediate injunctive relief is required to prevent further misuse and erosion of AIG's famous AMERICAN INTERNATIONAL Marks by Defendants.

### PARTIES

2.      Plaintiff ("AIG") is a Delaware corporation with its principal place of business at 70 Pine Street, New York, New York 10270.

3.      Defendant C.V. Starr & Co., Inc. ("C.V. Starr") is a Delaware corporation with its principal place of business at 399 Park Avenue, New York, New York 10022.

4.      Defendant American International Marine Agency, Inc. of New York, Inc. (the "Marine Agency") is a New York corporation with its principal place of business now located at 90 Park Avenue, 7th Floor, New York, New York 10016. For many years, and until earlier this year, the Marine Agency's principal place of business was within the same office locations as AIG.

**JURISDICTION AND VENUE**

5.      Plaintiff brings this action for federal trademark infringement in violation of Section 32(1) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); false advertising in violation of Section 2532 of the Delaware Deceptive Trade Practices Act; trademark infringement and unfair competition in violation of the common laws of the State of Delaware and of the several states of the United States.

6.      This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over defendant C.V. Starr because it is duly incorporated and organized under the State of Delaware.  This Court has personal jurisdiction over the Marine Agency pursuant to 10 Del. C. § 3104.  Among its numerous contacts with the State of Delaware, the Marine Agency holds a valid producer license from the Delaware Insurance Department, and on information and belief regularly transacts and solicits business in Delaware.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**BACKGROUND OF THE DISPUTE**

**The Business of Plaintiff AIG**

9.      Today (as it has been for decades), AIG is the world's leading international insurance and financial services organization, with operations in approximately

3

130 countries and jurisdictions throughout the world. AIG's member companies serve commercial, institutional, and individual customers through the most extensive worldwide insurance network of any insurer.

10.    AIG offers a variety of insurance and financial products and services. Through its member companies, AIG is the leading underwriter and provider of insurance in the United States.

11.    AIG's history can be traced back to 1919 when a young entrepreneur, Cornelius Vander Starr ("Mr. Starr"), opened a small insurance agency in Shanghai called American Asiatic Underwriters, offering fire and marine coverage initially. Within ten years, the company had expanded to include offices in China, Hong Kong, Indochina, Jakarta, Kuala Lumpur, and the Philippines.

12.    In 1926, using the name and trademark AMERICAN INTERNATIONAL UNDERWRITERS CORPORATION ("AIUC"), AIG's predecessor-in-interest, AIUC, opened an office in New York to produce and write insurance for represented companies on American risks outside the United States.

13.    During the years that followed, AIUC's business grew, as did the family of related "American International" branded companies. Among others, those companies included American International Marine Agency of New York, Inc. (formed in 1945), American International Underwriters Overseas, Ltd. (1948), American International Reinsurance Company, Inc. (1948), American International Assurance Company Ltd. (1948), and American International Aviation Agency, Inc. (the "Aviation Agency") (1961).

14.    In 1967, American International Group, Inc. was formed to hold the capital stock of certain of the insurance companies in the corporate family created by

4

Mr. Starr.    During the ensuing years, AIG continued to acquire interests in additional insurance and other companies, thereby expanding its operations and brand recognition.

15.    Today, AIG owns and operates 33 companies and divisions with offices in 23 states and territories doing business under the AMERICAN INTERNATIONAL Marks.

**The American International Trademarks**

16.    Since 1926, AIG and its predecessors-in-interest have continuously used the AMERICAN INTERNATIONAL Marks in connection with their business of underwriting insurance, both in the United States and throughout the world.  AIG is currently the registered owner of thirteen federal trademark registrations, most of which are incontestable by virtue of longstanding and continuous use, for AMERICAN INTERNATIONAL or close variations thereof, including registrations for AIMA and MARINE INSURANCE AIMA, which were registered in 1945 to a predecessor of AIG and subsequently, by duly recorded assignment, transferred to AIG.

17.    AIG is the owner of the following United States trademark registrations:

| Registration No. | Mark | Class(es) | Date of First Use | Incontestable |
|---|---|---|---|---|
| 1040729 | MARINE INSURANCE AIMA | 36 | 1945 | Yes |
| 1040730 | AIMA | 36 | 1945 | Yes |
| 1023912 | AMERICAN INTERNATIONAL | 36 | 1926 | Yes |
| 1661062 | AMERICAN INTERNATIONAL COMPANIES | 36 | 1967 | Yes |
| 1190934 | AMERICAN INTERNATIONAL | 36 | 1970 | Yes |

| 1151230 | AMERICAN INTERNATIONAL | 36 | 1926 | Yes |
|---|---|---|---|---|
| 2168144 | AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY | 36 | 9/26/1996 | Yes |
| 2037682 | AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY | 36 | 6/1/1995 | Yes |
| 1840829 | AMERICAN INTERNATIONAL ASSISTANCE SERVICES, INC. | 35, 36, 39, 42 | 11/20/1978 | Yes |
| 1872028 | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY | 36 | 9/25/1992 | Yes |
| 2376437 | AMERICAN INTERNATIONAL GROUP | 36 | 1968 | No |
| 2398912 | AMERICAN INTERNATIONAL COMPANIES | 36 | 1967 | No |
| 2487923 | AMERICAN INTERNATIONAL GROUP | 36 | 5/1/2000 | No |

The foregoing registrations are valid and subsisting, unrevoked and uncancelled, in full force and effect, and all but three (Nos. 2487923, 2398912 and 2376437) have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the aforesaid federal trademark registrations are attached hereto as Exhibit A.

      18.    AIG spends millions of dollars annually to advertise and promote the AMERICAN INTERNATIONAL Marks, and the products and services offered by its various member companies in connection with these marks, through various media, including television, radio, newspaper, and magazines, among others. In 2005, for instance, AIG spent in excess of $30 million on advertisements containing the AMERICAN INTERNATIONAL Marks.

19.    In addition, AIG and its member companies have advertised the AMERICAN INTERNATIONAL Marks through direct mailings, brochures distributed at trade shows, point-of-purchase display material, signage, and banners.

20.    AIG also promotes the AMERICAN INTERNATIONAL Marks on various websites, including aig.com, aigmarine.com, aigbank.com, aigdirect.com, aiggig.com, aigag.com, aiu.com, aigfp.com, aig4auto.com, aigaandh.com, aigamericanhome.com, aigaviation.com, aigconsultants.com, aigenvironmental.com, aigfinancialadvisors.com, aigidtheft.com, aigpcg.com, aigriskmgmt.com, aigsmallbusiness.com, and aigworldsource.com.    AIG's primary website, located at www.aig.com, receives approximately 3.4 million hits per year.  Since 2004, there have been an average of 200,000 visits per month to AIG.com.

21.    As a result of AIG's continuous and extensive advertising and promotional efforts, the AMERICAN INTERNATIONAL Marks are among the best known brands – if not the best known brands – in the insurance industry and enjoy substantial goodwill.

**Unlawful Conduct by Defendants**

22.    The Marine Agency was formed in 1945 to serve primarily, if not exclusively, as managing agent for the member insurance companies of AIG and its predecessors, and did so throughout its history until just days ago when the Marine Agency first announced that it had entered into an MGA arrangement with a competitor of AIG.

23.    The Marine Agency is currently a wholly-owned subsidiary of Defendant C.V. Starr, a privately held corporation presently controlled by Maurice R. Greenberg and certain associates.  Mr. Greenberg was also the Chairman and CEO of AIG

until March 2005.  C.V. Starr owns and controls several other insurance agencies in addition to the Marine Agency (together with the Marine Agency, the "Agencies"), which, like the Marine Agency, historically serviced only AIG member companies.

24.    The Agencies' relationships with AIG date back to the late 1960s, when Mr. Greenberg formed AIG into a public company.  In 1970, Mr. Greenberg caused AIG to purchase substantially all of the assets of C.V. Starr in exchange for a large block of AIG stock, which remains C.V. Starr's primary asset.  C.V. Starr owns approximately 45 million shares of AIG stock.

### *AIG and the Marine Agency Operated in a Principal-Agent Relationship*

25.    From at least 1975 until July 25, 2006, the Marine Agency served as a managing general agent ("MGA") to AIG and certain of its member companies (the "AIG Insurers").  In that capacity, the Marine Agency had responsibility for marketing the AIG Insurers' North American major commercial-marine-insurance business, underwriting and binding insurance policies; collecting premiums; and assisting in negotiating reinsurance agreements.  In the common parlance, the AIG Insurers gave the Marine Agency "the pen" and authorized it, within limits and subject to instruction, to write direct marine insurance on their behalf under the AMERICAN INTERNATIONAL Marks.  An MGA is a fiduciary of an insurer, operating, as its name suggests, as an agent servicing its principal.

26.    The Marine Agency has operated for virtually its entire existence with the single purpose of serving the AIG Insurers and representing them in the marketplace.  For all intents and purposes, the Marine Agency operated, and was widely perceived in the marketplace as, a captive agent.

27.    Having been formed and operated to service the marine business of the AIG Insurers, as their fiduciary and agent, the Marine Agency was authorized to use AMERICAN INTERNATIONAL and AIMA as part of its name only for so long as its agency relationship with the AIG Insurers existed and only in connection with the business of those entities.

### AIG's Ownership of the AIMA Brand and Mark

28.    The AMERICAN INTERNATIONAL MARINE AGENCY and AIMA designations used by the Marine Agency have become closely associated with AIG in the mind of the consuming public.    As far as the public is concerned, AMERICAN INTERNATIONAL MARINE AGENCY always has been an agent of AIG.

29.    Neither the Marine Agency nor its parent C.V. Starr owns a single trademark registration for the corporate name AMERICAN INTERNATIONAL MARINE AGENCY, the trademarks AMERICAN INTERNATIONAL, AI and AIMA, or any trademark containing the terms "American International" or the acronym "AI."   To the contrary, as noted, AIG owns uncontestable federal trademark registrations for the marks MARINE INSURANCE AIMA and AIMA.

30.    The Marine Agency used the AIMA and AMERICAN INTERNATIONAL MARINE AGENCY marks pursuant to an implied license from AIG. For as long as the Marine Agency remained part of the greater AIG family of companies, functioned as managing general agent to AIG member insurance companies, and was subject to the control and supervision of AIG, it was permitted to use AIG's world famous marks.

9

### *AIG and the Marine Agency Were Operationally Intertwined*

31.    Operationally, on a day-to-day basis, the Marine Agency functioned under AIG's supervision and was treated as if it were a business division of AIG.

32.    Over a period of decades, and until earlier this year, the Marine Agency was headquartered under the same roof as AIG in office-space owned or leased by AIG, and relied heavily on AIG personnel for certain operational support and services, including claims processing.

33.    Employees of the Marine Agency used "aig.com" email addresses, so their external email communications were indistinguishable to the market from emails from actual AIG employees.

34.    Employees of the Marine Agency were eligible for AIG employee benefits, such as participation in AIG's healthcare and retirement plans.

35.    The corporate governance of C.V. Starr and the Marine Agency reflected the interconnectedness and common purpose of these entities.  For most of their history, the Boards of Directors of C.V. Starr and the Marine Agency were composed primarily of senior officers of AIG and its member companies.

### *The Termination of the Marine Agency And The Agreement Between The Parties*

36.    After learning that the Marine Agency had entered into negotiations to (for the first time) act as MGA for an AIG competitor, by letter dated June 6, 2006, AIG instructed the Marine Agency that it was not authorized to use the AMERICAN INTERNATIONAL or AIMA designations in business dealings other than those undertaken to benefit AIG, and to immediately inform AIG of any potential or actual agreements between the Marine Agency and non-AIG insurers.

37.    On June 8, 2006, the Marine Agency responded to AIG's letter, stating that it was not "presently writing as a managing general agent for any other insurer."

38.    By letter, dated June 9, 2006, AIG reiterated its instruction that the Marine Agency immediately inform AIG of any potential or actual agreements between the Marine Agency and non-AIG insurers. AIG also requested that the Marine Agency inform AIG how it would continue to perform its fiduciary duties as AIG's agent in light of these potential or actual agreements.

39.    On June 12, 2006, the Marine Agency communicated its view that AIG was not entitled to know about the Marine Agency's plans, but assured AIG that if it entered into an agreement with another principal it would promptly notify AIG.

40.    On June 29, 2006, AIG provided notice of termination of the Marine Agency as the managing general agent of AIG's member insurance companies, effective December 31, 2006. That notice of termination also issued various written instructions for the conduct of the Marine Agency's during the remainder of the agency relationship.

41.    On the following day, June 30, 3006, the Marine Agency gave notice of its intent to terminate the agency agreement between the parties, effective January 1, 2007.

42.    In a press release issued that same day (June 30, 2006), the Marine Agency announced that it "look[s] forward to serving new underwriters next year." Based on this press release, coupled with the Marine Agency's June 8 and June 12 correspondence, AIG reasonably understood the Marine Agency to be representing that it would not begin acting for a competing insurance company prior to the termination of the six-month notice period, during which the Marine Agency would continue to serve as AIG's agent. AIG relied on that representation.

43.    Nevertheless and without notifying AIG in advance, on July 21, 2006, the Marine Agency announced to the media that it had entered into an agreement with National Liability and Fire Insurance Company ("National Liability"), a member of the Berkshire Hathaway group of insurance companies – **and a direct competitor of AIG**.  The Marine Agency's press release on its new business venture stated, in part, as follows:

> American International Marine Agency, Inc. (AIMA), a wholly owned subsidiary of C.V. Starr & Co., Inc., today announced a new agreement with National Liability and Fire Insurance Company, a member of the Berkshire Hathaway group of insurance companies, which will expand the agency's servicing capabilities. The leading insurance agency for the marine industry, AIMA said that the relationship with National Liability and Fire Insurance Company will allow the agency to immediately offer $100 Million of commercial underwriting capacity to its clients.
>
> "Our new agreement with National Liability and Fire Insurance Company ensures that AIMA will continue to offer the breadth of tailored marine products and services that have made the company an industry leader for more than 60 years," said David French, President, AIMA. "It also reflects our commitment to providing superior coverage and solutions, through the industry's top companies, that meet our clients' needs."

A true and correct copy of the Marine Agency's July 21 press release is attached hereto as Exhibit B.

44.    By letter dated July 24, 2006, AIG reminded the Marine Agency that it could no longer make lawful use of the AMERICAN INTERNATIONAL or AIMA designations as part of its operating name in connection with any business dealings that are not undertaken solely for the benefit of AIG and the AIG Insurance Companies.  AIG instructed the Marine Agency to immediately cease and desist any and all advertising, marketing and other operations that involve the use of the names AMERICAN INTERNATIONAL MARINE AGENCY and AIMA in connection with insurance products and services offered by any insurers other than AIG and its subsidiaries, including but not limited to operations on behalf of National Liability.

12

45.    In response to AIG's demands, on July 25, 2006, the Marine Agency indicated that it had no present intention of changing its name and discontinuing its use of the AMERICAN INTERNATIONAL Marks.

46.    In a separate letter, dated July 25, 2006, the Marine Agency stated that unless AIG rescinded the instructions articulated in its June 29, 2006 letter within 24 hours, the Marine Agency would consider AIG to be in breach of the agreement between the parties, and that the agreement and the MGA relationship would be deemed terminated.

47.    Later that day, AIG responded that it understood that the Marine Agency deemed the Management Agreement to be terminated immediately. In a July 25, 2006 press release, in reliance on the Marine Agency's representations that it considered the agency agreement terminated, AIG announced the termination of its agency relationship with the Marine Agency.

48.    In a July 27, 2006 response to that letter, the Marine Agency reiterated its refusal to cease using the AMERICAN INTERNATIONAL and AIMA names.

49.    The Marine Agency continues to make prominent and unlawful use of AIG's famous AMERICAN INTERNATIONAL Marks in violation of AIG's intellectual property rights. Most prominently, when the Marine Agency announced to the world that, for the first time, it was going into business for a principal other than AIG, it did so using the AMERICAN INTERNATIONAL and AIMA marks.

50.    In addition, defendants are currently using the AMERICAN INTERNATIONAL and AIMA marks in Internet advertisements designed specifically to target customers of AIG. These ads not only use the AMERICAN INTERNATIONAL and

AIMA designations in their content, but, upon information and belief, are triggered through the use of "AIG" as a keyword.

51.    In addition, Defendants' website, located at cvstarrco.com, prominently features the AMERICAN INTERNATIONAL and AIMA marks to promote the services of the Marine Agency.

52.    Defendants' refusal to cease using the AMERICAN INTERNATIONAL and AIMA designations in connection with the Marine Agency stands in stark contrast to C.V. Starr's reasonable post-termination treatment of another of the terminated Agencies, American International Aviation Agency (the "Aviation Agency"). Following the termination of the agency relationship between AIG and the Aviation Agency and AIG's objection to any continued use of "American International" in connection with aviation insurance. C.V. Starr agreed to cease using the AMERICAN INTERNATIONAL or AIAA designations.

### *False Advertising and Confusion In the Marketplace*

53.    The Marine Agency continues to prominently use the AMERICAN INTERNATIONAL and AIMA marks in connection with marine insurance, impermissibly trading off of the substantial goodwill embodied in the AMERICAN INTERNATIONAL Marks and creating confusion in the marketplace and the false impression that the Marine Agency continues to be affiliated with AIG.

54.    Defendants continue to make prominent use of the AMERICAN INTERNATIONAL and AIMA marks on their website located at cvstarrco.com to promote the business and services of the Marine Agency.

55.    As this conduct makes clear, rather than establishing a new corporate identity after severing ties with AIG, the Marine Agency and C.V. Starr have chosen to appropriate the AMERICAN INTERNATIONAL and AIMA brands for themselves, presumably to benefit from the substantial goodwill associated AIG's AMERICAN INTERNATIONAL Marks. However, in doing so, defendants are blatantly and falsely misleading the public into believing that they remain associated with AIG, when they are not.

56.    As a result of the Marine Agency's refusal to cease using the AMERICAN INTERNATIONAL and AIMA designations, AIG and the AIG Insurers are suffering both material financial harm and irreparable harm by way of injury to their reputation, goodwill, and critical relationships with the brokers and insureds that form the AIG Insurers' customer base. AIG will continue to suffer substantial harm from the loss of control over one of its most valuable assets — its famous AMERICAN INTERNATIONAL Marks.

57.    The Marine Agency's conduct in continuing to use the AMERICAN INTERNATIONAL and AIMA designations in connection with the provision of marine insurance will actually reduce or diminish the capacity of the AMERICAN INTERNATIONAL Marks to distinguish the unique origin of AIG's goods and services.

58.    To counter the Marine Agency's continued unauthorized, deceptive and unlawful use of the AMERICAN INTERNATIONAL and AIMA marks, it will be necessary for AIG to spend money and resources to communicate to the marketplace that the Marine Agency is not affiliated with AIG.

59.    An immediate injunction is urgently required to prevent further irreparable harm to AIG.

15

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement)

60.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

61.     Defendants, without the consent of Plaintiff, have used, and unless enjoined will continue to use, in commerce designations confusingly similar to AIG's registered AMERICAN INTERNATIONAL Marks on or in connection with goods and services closely related to those of Plaintiff.

62.     The aforesaid acts of Defendants constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

63.     The aforesaid acts of Defendants have caused, and are causing, substantial and irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition)

64.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

65.     The aforesaid acts of Defendants constitute use in commerce of words, terms, names, symbols, and devices, and combinations thereof; false designation of origin; false and misleading descriptions of fact; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services, goods, or any other commercial activities by Plaintiff.

66.     The aforesaid acts of Defendants constitute use in commerce of words, terms, names, symbols, and devices, and combinations thereof; false designation of origin; false and misleading descriptions of fact; and false and misleading representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics, or qualities of Defendant's services, goods, or other commercial activities.

67.     The aforesaid acts of Defendants constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     The aforesaid acts of Defendants have caused, and are causing, substantial and irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

### THIRD CAUSE OF ACTION
### (Federal Dilution and Delaware Common Law Dilution)

69.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

70.     The aforesaid acts of Defendant constitute commercial use beginning after the AMERICAN INTERNATIONAL Marks had become famous and will dilute the distinctive quality of the AMERICAN INTERNATIONAL Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and the Delaware Trademark Act, 6 Del. C. § 3313.

71.     The aforesaid acts of Defendants were willfully intended to trade on Plaintiff's reputation and to dilute the famous AMERICAN INTERNATIONAL Marks.

72.    The aforesaid acts of Defendants have caused, and are causing, substantial and irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

### FOURTH CAUSE OF ACTION
### (Delaware Statutory False Advertising)

73.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

74.    By making statements and using words and designs, or combinations thereof, that fail to reveal facts material in light of such representations with respect to the subject service, or under such conditions as are customary or usual, the aforesaid acts of Defendant constitute misleading advertisement of goods and services.

75.    The aforesaid acts of Defendants constitute false advertising in violation of Section 2532(a)(5) of the Delaware Deceptive Trade Practices Act.

76.    The aforesaid acts of Defendants have caused, and are causing, substantial and irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

### FIFTH CAUSE OF ACTION
### (Delaware Common Law Trademark Infringement)

77.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

78.    The aforesaid acts of Defendants constitute use that is likely to cause confusion as to the source of Plaintiff's goods and services.

79.    The aforesaid acts of Defendants constitute trademark infringement in violation of common law.

80.     The aforesaid acts of Defendants have caused, and are causing, substantial and irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

## SIXTH CAUSE OF ACTION
### (Delaware Deceptive Trade Practices Act Violation)

81.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

82.     The aforesaid acts of Defendants misrepresent the source of Plaintiff's services.

83.     The aforesaid acts of Defendants constitute use that is likely to cause confusion as to the source of Plaintiff's goods and services in violation of Section 2532(a)(1) of the Delaware Deceptive Trade Practices Act.

84.     The aforesaid acts of Defendants have caused, and are causing, substantial and irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

## SEVENTH CAUSE OF ACTION
### (Delaware Common Law Unfair Competition)

85.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

86.     The aforesaid acts of Defendants constitute use that is likely to cause confusion as to the source of Plaintiff's services.

87.     The aforesaid acts of Defendants constitute unfair competition in violation of common law.

88.    The aforesaid acts of Defendants have caused, and are causing, substantial and irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

## EIGHTH CAUSE OF ACTION
### (Delaware Common Law False Designation of Origin)

89.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 59.

90.    The aforesaid acts of Defendants constitute use of the Plaintiff's trademarks in connection with its offering of marine insurance falsely represents that such services originate with, or are sponsored, endorsed, underwritten or licensed by, Plaintiff.

91.    The aforesaid acts of Defendants are unauthorized and Plaintiff cannot exercise any control over the nature and the quality of Defendants' services.

92.    Upon information and belief, the aforesaid acts of Defendants constitute false designation of origin as such acts were willful and deliberate, and were designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff in the marine insurance community.

**WHEREFORE**, Plaintiff prays for a judgment in its favor and against Defendants, and each of them, as follows:

1.    That Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

a.    Using on or in connection with the products and services of Defendant the Marine Agency, including, without limitation, the service of underwriting marine-related insurance, the designation AMERICAN INTERNATIONAL MARINE AGENCY, the marks AMERICAN INTERNATIONAL, AI, AIMA, or any colorable imitations thereof, or anything confusingly similar thereto;

b.    Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake, or to deceive consumers into believing that Defendant the Marine Agency's services and any related products are the services or products of Plaintiff, or that there is any affiliation or connection between Plaintiff or its services and the marine products and services of Defendant the Marine Agency, and from otherwise unfairly competing with Plaintiff;

c.    Using any mark in a manner so as to cause the dilution of the distinctive quality of the famous AMERICAN INTERNATIONAL Marks.

2.    That Defendants be directed to file with this Court and to serve upon Plaintiff within fifteen (15) days after service upon Defendants of this Court's injunction issued in this action, a written report by Defendant under oath setting forth in detail the manner in which Defendants have complied with this injunction.

3.    That Plaintiff recover its damages sustained as a result of Defendants' federal trademark infringement, unfair competition, and dilution, including any amounts reasonably necessary to correct any misimpression in the marketplace caused by Defendants' conduct, together with an accounting of Defendants' profits arising from such activities, and that the Court exercise its discretion and enter judgment for such additional sums as the Court shall find to be just, according to the nature of the acts of Defendants.

4.    That Plaintiff have and recover treble damages under 15 U.S.C. § 1117 by reason of the willful and deliberate acts of federal trademark infringement by Defendants.

5.    That Plaintiff have and recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

6.    That Plaintiff have and recover Defendants' profits and/or damages by reason of Defendants' acts of trademark infringement and unfair competition under the common law.

7.    That Defendants be required to recall from all channels of trade any and all advertising and promotional materials or other infringing matter, and to take affirmative steps to dispel any false suggestion of a connection to Plaintiff by virtue of their infringing activities, including, but not limited to (1) changing the name of Defendant the Marine Agency so that it does not contain the designation AMERICAN INTERNATIONAL, AI, AIMA, or any designation confusingly similar thereto, and (2) notifying the relevant public that it has changed its name and that Defendant the Marine Agency has no affiliation with AIG.

8.    That Plaintiff have and recover its taxable costs and disbursements herein.

22

9.    That Plaintiff have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

AIG hereby demands a trial by jury of any and all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  *Attorneys for Plaintiff American International
  Group, Inc.*

OF COUNSEL:

Jeffrey A. Conciatori
Michael B. Carlinsky
Jennifer J. Barrett
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010-1601
(212) 849-7000

July 28, 2006

530771

EXHIBIT A

Int. Cl.: 36

Prior U.S. Cl.: 102

# United States Patent Office

Reg. No. 1,040,729
Registered June 1, 1976

## SERVICE MARK
### Principal Register



American International Underwriters Corporation (New
York corporation)
102 Maiden Lane
New York, N.Y. 10005

For: OCEAN AND INLAND MARINE INSUR-
ANCE AGENCY AND BROKERAGE SERVICES,
in CLASS 36 (U.S. CL. 102).
First use Apr. 2, 1945; in commerce Apr. 2, 1945.
Applicant disclaims use of the words "Marine Insur-
ance" separate and apart from the mark as shown.
Owner of Reg. Nos. 598,896, and 842,609.

Ser. No. 42,387, filed Jan. 22, 1975.

J. P. WILLIAMSON, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM    June 1, 1976

COMB. AFF. SEC. 8 & 15



CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT WITH NOTATION
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS-
CLOSED BY THE RECORDS OF THE UNITED STATES PATE
AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE
TO BE IN: Registrant

Attest

JUN 8 1993
*S. A. Jefferson*
Attesting Officer

*Michael K. Kirk*
COMMISSIONER OF PATENTS
AND TRADEMARKS

Int. Cl.: 36

Prior U.S. Cl.: 102

**United States Patent and Trademark Office**

Reg. No. 1,040,729
Registered June 1, 1976
Renewal Term Begins June 1, 1996

10 Year Renewal

## SERVICE MARK
## PRINCIPAL REGISTER



AMERICAN INTERNATIONAL UNDER-
WRITERS CORPORATION (NEW
YORK CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

OWNER OF U.S. REG. NOS. 378,396
AND 842,669.

APPLICANT DISCLAIMS USE OF
THE WORDS "MARINE INSURANCE"

SEPARATE AND APART FROM THE
MARK AS SHOWN.

FOR: OCEAN AND INLAND MARINE
INSURANCE AGENCY AND BROKER-
AGE SERVICES, IN CLASS 36 (U.S. CL.
102).

FIRST USE 4-2-1945; IN COMMERCE
4-2-1945.

SER. NO. 73-042,387, FILED 1-22-1975.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Oct. 8, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 36

Prior U.S. Cl.: 102

**United States Patent Office**

Reg. No. 1,040,730
Registered June 1, 1976

## SERVICE MARK
Principal Register

## AIMA

American International Underwriters Corporation (New York corporation)
102 Maiden Lane
New York, N.Y. 10005

For: OCEAN AND INLAND MARINE INSURANCE AGENCY AND BROKERAGE SERVICES, in CLASS 36 (U.S. CL. 102).

First use Apr. 2, 1945; in commerce Apr. 2, 1945.

Ser. No. 43,042, filed Jan. 30, 1975.

J. P. WILLIAMSON, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM     June 1, 1976

COMB. AFF. SEC. 8 & 15

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION WHICH IS IN FULL FORCE AND EFFECT WITH NOTATION OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATE AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE TO BE IN:  Registrant

Attest

JUN 8   1993
S. G. Johnson
Attesting Officer

Michael K. Kirk
COMMISSIONER OF PATENTS
AND TRADEMARKS

Int. Cl.: 36

Prior U.S. Cl.: 102

Reg. No. 1,040,730

United States Patent and Trademark Office

Registered June 1, 1976
Renewal Term Begins June 1, 1996

10 Year Renewal

## SERVICE MARK
## PRINCIPAL REGISTER

### AIMA

AMERICAN INTERNATIONAL UNDER-
WRITERS CORPORATION (NEW
YORK CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: OCEAN AND INLAND MARINE
INSURANCE AGENCY AND BROKER-

AGE SERVICES, IN CLASS 36 (U.S. CL.
102).

FIRST USE 4-2-1945; IN COMMERCE
4-2-1945.

SER. NO. 73-043,042, FILED 1-30-1975.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Aug. 20, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS



799545

# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME;

## UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

February 14, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,023,912* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 28, 1975*
*2nd* RENEWAL FOR A TERM OF *10* YEARS FROM   *October 28, 2005*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



M. WILLIAMS
Certifying Officer

Int. Cl.: 36

Prior U.S. Cl.: 102

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 1,023,912
Registered Oct. 28, 1975
Renewal Term Begins Oct. 28, 1995

## SERVICE MARK
## PRINCIPAL REGISTER

## AMERICAN INTERNATIONAL

AMERICAN INTERNATIONAL GROUP,
INC. (DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: UNDERWRITING INSURANCE,
IN CLASS 36 (U.S. CL. 102).
FIRST USE 0-0-1926; IN COMMERCE
0-0-1926.

SER. NO. 73-041,534, FILED 1-22-1974.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Sep. 5, 1995.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 36

Prior U.S. Cl.: 102

## United States Patent Office

Reg. No. 1,023,912
Registered Oct. 28, 1975

## SERVICE MARK
Principal Register

## AMERICAN
## INTERNATIONAL

American International Group, Inc. (Delaware corporation)
102 Maiden Lane
New York, N.Y.

For: UNDERWRITING INSURANCE, in CLASS 36
(U.S. Cl. 102).
First use 1926; in commerce 1926.

Ser. No. 11,534, filed Jan. 22, 1974.

B. PARKER LIVINGSTON, Jr., Examiner



799545

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

February 14, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,661,062* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *October 15, 1991*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *October 15, 2001*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS

Certifying Officer

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 1,661,062
Registered Oct. 15, 1991

## SERVICE MARK
### PRINCIPAL REGISTER

## AMERICAN INTERNATIONAL COMPANIES

AMERICAN INTERNATIONAL GROUP, INC. (DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: INSURANCE UNDERWRITING SERVICES IN THE FIELD OF PROPERTY-CASUALTY, LIFE AND ACCIDENT AND HEALTH INSURANCE AND ANNUITIES; INSURANCE AND INSURANCE RELATED SERVICES RENDERED TO CORPORATE AND OTHER COMMERCIAL CLIENTS; NAMELY, INSURANCE-MANAGEMENT SERVICES, SELF-INSURANCE SERVICES, ACTUARIAL SERVICES, LOSS-ADJUSTMENT SERVICES; AND INSURANCE-RELATED SAFETY ENGINEERING SERVICES, INSURANCE AND INSURANCE-RELATED SERVICES RENDERED TO INSURANCE-COMPANY CLIENTS; NAMELY, REINSURANCE SERVICES AND LOSS-ADJUSTMENT SERVICES; INSURANCE-RELATED FINANCIAL SERVICES RENDERED TO COMMERCIAL AND INDIVIDUAL CLIENTS;

NAMELY, INSTALLMENT-LOAN SERVICES; FINANCIAL SERVICES RENDERED TO COMMERCIAL AND INDIVIDUAL CLIENTS; NAMELY, MANAGEMENT OF REAL ESTATE, AND THE LEASING THEREOF, REAL-ESTATE MORTGAGE LENDING SERVICES; SECURITY BROKER-DEALER SERVICES; REAL ESTATE INVESTMENT SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0-0-1967; IN COMMERCE 0-0-1967.

OWNER OF U.S. REG. NOS. 1,023,912, 1,151,230, AND 1,190,934.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COMPANIES", APART FROM THE MARK AS SHOWN.

SEC. 2(F) AS TO "AMERICAN INTERNATIONAL".

SER. NO. 74-024,622, FILED 2-1-1990.

TINA POMPEY, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS, SHALL, COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

February 14, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,190,934* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *February 23, 1982*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *February 23, 2002*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
    *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

R. WILLIAMS

Certifying Officer

Int. Cl.: 36

Prior U.S. Cl.: 102

**United States Patent and Trademark Office**

Reg. No. 1,190,934
Registered Feb. 23, 1982

## SERVICE MARK
### Principal Register

# AMERICAN INTERNATIONAL

American International Group, Inc. (Delaware corporation)
70 Pine St.
New York, N.Y. 10005

For: REAL ESTATE INVESTMENT SERVICES, in CLASS 36 (U.S. Cl. 102).
First use 1970; in commerce 1970.
Owner of U.S. Reg. Nos. 1,023,912 and 1,151,230.

Ser. No. 287,456, filed Nov. 21, 1980.

C. A. SIDOTI, Primary Examiner



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

February 14, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,151,230* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *April 14, 1981*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *April 14, 2001*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS
Certifying Officer

Int. Cl.: 36

Prior U.S. Cls.: 101 and 102

**United States Patent and Trademark Office**

Reg. No. 1,151,230
Registered Apr. 14, 1981

## SERVICE MARK
### Principal Register

## AMERICAN INTERNATIONAL

American International Group, Inc. (Delaware corporation)
102 Maiden La.
New York, N.Y. 10005

For: INSURANCE AND INSURANCE-RELATED SERVICES RENDERED TO CORPORATE AND OTHER COMMERCIAL CLIENTS—NAMELY, INSURANCE-MANAGEMENT SERVICES, SELF-INSURANCE SERVICES, ACTUARIAL SERVICES, PENSION-FUND ADMINISTRATIVE SERVICES, LOSS-ADJUSTMENT SERVICES, AND INSURANCE-RELATED SAFETY-ENGINEERING SERVICES; INSURANCE AND INSURANCE-RELATED SERVICES RENDERED TO INSURANCE-COMPANY CLIENTS—NAMELY, REINSURANCE SERVICES AND LOSS-ADJUSTMENT SERVICES; INSURANCE-RELATED FINANCIAL SERVICES RENDERED TO COMMERCIAL AND INDIVIDUAL CLIENTS—NAMELY, INSTALLMENT-LOAN SERVICES; AND FINANCIAL SERVICES RENDERED TO COMMERCIAL AND INDIVIDUAL CLIENTS—NAMELY, MANAGEMENT OF REAL ESTATE, AND THE LEASING THEREOF; REAL-ESTATE MORTGAGE-LENDING SERVICES; AND SECURITY BROKER-DEALER SERVICES, in CLASS 36 (U.S. Cls. 101 and 102).

First use 1926; in commerce 1926.

Owner of U.S. Reg. No. 1,023,912.

Ser. No. 210,129, filed Apr. 3, 1979.

MARTIN MARKS, Primary Examiner

JAMES H. JOHNSON, Examiner



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

February 17, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,168,144* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *June 23, 1998*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



E. BORNETT
Certifying Officer

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

Reg. No. 2,168,144

## United States Patent and Trademark Office

Registered June 23, 1998

### SERVICE MARK
### PRINCIPAL REGISTER

## AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY

AMERICAN INTERNATIONAL GROUP, INC. (DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: PROPERTY AND CASUALTY INSURANCE UNDERWRITING SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9–26–1996; IN COMMERCE 9–26–1996.

OWNER OF U.S. REG. NOS. 1,834,888 AND 1,872,028.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INSURANCE COMPANY", APART FROM THE MARK AS SHOWN.

SN 75–105,133, FILED 5–16–1996.

ALICE BENMAMAN, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

February 17, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,037,682 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *February 11, 1997*
*SECTION 8 & 15*
*AMENDMENT/CORRECTION/NEW CERT(SECT) ISSUED*
SAID RECORDS SHOW TITLE TO BE IN:
   *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E. BORNETT
Certifying Officer



Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,037,682

United States Patent and Trademark Office

Registered Feb. 11, 1997

Corrected

OG Date May 27, 2003

## SERVICE MARK
## PRINCIPAL REGISTER

# AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY

AMERICAN INTERNATIONAL GROUP, INC. (DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

OWNER OF U.S. REG. NO. 1,151,238. NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INSURANCE COMPANY", APART FROM THE MARK AS SHOWN.

FOR: IDENTIFYING PROPERTY AND CASUALTY INSURANCE UNDERWRITING SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995.

SER. NO. 74-643,654, FILED 3-9-1995.



whereof I have hereunto set my hand
the seal of The Patent and Trademark
affixed on May 27, 2003.

DIRECTOR, THE U.S. PATENT AND TRADEMARK OFFICE

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

Reg. No. 2,037,682

## United States Patent and Trademark Office

Registered Feb. 11, 1997

### SERVICE MARK
### PRINCIPAL REGISTER

## AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY

AMERICAN INTERNATIONAL GROUP, INC.
  (COLORADO CORPORATION)
1225 SEVENTEENTH STREET
DENVER, CO 80202

FOR: IDENTIFYING PROPERTY AND CASU-
ALTY INSURANCE UNDERWRITING SERV-
ICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).
  FIRST  USE  6-1-1995;  IN  COMMERCE
6-1-1995.

OWNER OF U.S. REG. NO. 1,151,230.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "INSURANCE COMPANY",
APART FROM THE MARK AS SHOWN.

SN 74-643,654, FILED 3-9-1995.

RICHARD A. STRASER, EXAMINING ATTOR-
NEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

February 17, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,840,829* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *June 21, 1994*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *June 21, 2004*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



M. TARVER
Certifying Officer



Int. Cls.: 35, 36, 39 and 42

Prior U.S. Cls.: 100, 101, 102 and 105

**United States Patent and Trademark Office**

Reg. No. 1,840,829
Registered June 21, 1994

## SERVICE MARK
### PRINCIPAL REGISTER

# AMERICAN INTERNATIONAL ASSISTANCE SERVICES, INC.

AMERICAN INTERNATIONAL GROUP, INC.
(DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: PHYSICIAN, ATTORNEY AND OTHER PROFESSIONAL REFERRAL SERVICES, IN CLASS 35 (U.S. CLS. 100 AND 101).
FIRST USE 11-20-1978; IN COMMERCE 11-20-1978.
FOR: TRAVEL AND INSURANCE CLAIMS PROCESSING AND PAYMENT GUARANTEE SERVICES, CASH PAYMENT GUARANTEE SERVICES, IN CLASS 36 (U.S. CLS. 101 AND 102).
FIRST USE 11-20-1978; IN COMMERCE 11-20-1978.
FOR: TRAVEL INFORMATION AND ASSISTANCE SERVICES, AND ARRANGING FOR MEDICAL EVACUATION AND TRANSPORTA-

TION OF TRAVELERS BY MOTOR VEHICLE, IN CLASS 39 (U.S. CL. 105).
FIRST USE 11-20-1978; IN COMMERCE 11-20-1978.
FOR: MEDICAL CONSULTING SERVICES, AND LANGUAGE TRANSLATION SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).
FIRST USE 11-20-1978; IN COMMERCE 11-20-1978.
OWNER OF U.S. REG. NOS. 1,023,912, 1,661,062 AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ASSISTANCE SERVICES, INC.", APART FROM THE MARK AS SHOWN.
SEC. 2(F).

SER. NO. 74-267,339, FILED 4-20-1992.

MARTIN MARKS, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

February 17, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,872,028* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *January 03, 1995*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *January 03, 2005*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



E. BORNETT
Certifying Officer

Int. Cl.: 36

Prior U.S. Cl.: 102

## United States Patent and Trademark Office

Reg. No. 1,872,028
Registered Jan. 3, 1995

## SERVICE MARK
## PRINCIPAL REGISTER

# AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

AMERICAN INTERNATIONAL GROUP, INC. (DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: PROPERTY AND CASUALTY INSURANCE UNDERWRITING SERVICES, IN CLASS 36 (U.S. CL. 102).
FIRST USE 9-25-1992; IN COMMERCE 9-25-1992.

OWNER OF U.S. REG. NOS. 1,023,912, 1,515,230; AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SPECIALTY LINES INSURANCE COMPANY", APART FROM THE MARK AS SHOWN.

SN 74-268,684, FILED 4-23-1992.

MARY CRAWFORD, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

February 14, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,376,437 IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM  *August 15, 2000*
SAID RECORDS SHOW TITLE TO BE IN:  *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS
Certifying Officer



Int. Cls.: 36 and 42

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,376,437
Registered Aug. 15, 2000

### SERVICE MARK
#### PRINCIPAL REGISTER

# AMERICAN INTERNATIONAL GROUP

AMERICAN INTERNATIONAL GROUP, INC. (DELA-
WARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: UNDERWRITING SERVICES, NAMELY,
AUTOMOBILE, AIRCRAFT, PROPERTY AND CAS-
UALTY, LIFE, ACCIDENT, HEALTH, MANAGE-
MENT, MEDICAL MALPRACTICE, DIRECTOR AND
OFFICER LIABILITY, PROFESSIONAL LIABILITY,
MARINE AND ENVIRONMENTAL; INSURANCE
AND INSURANCE-RELATED SERVICES RENDERED
TO CORPORATE AND OTHER COMMERCIAL AND
INDIVIDUAL CLIENTS, NAMELY, ACTUARIAL
SERVICES, PENSION FUND ADMINISTRATIVE
SERVICES, INSURANCE CLAIMS ADJUSTMENT
SERVICES SERVICES FOR CORPORATE AND
OTHER COMMERCIAL CLIENTS; INSURANCE AND
INSURANCE RELATED SERVICES RENDERED TO
INSURANCE COMPANY CLIENTS, NAMELY REIN-
SURANCE UNDERWRITING AND REINSURANCE
CLAIMS ADJUSTMENT SERVICES IN THE FIELD
OF PROFESSIONAL LIABILITY, DIRECTOR AND
OFFICER LIABILITY, MEDICAL MALPRACTICE,
ACCIDENT, AND HEALTH AND INSURANCE
CLAIMS ADJUSTMENT SERVICES IN THE FIELD
OF DIRECTOR AND OFFICER LIABILITY, FIDEL-
ITY, WORKER'S COMPENSATION, EXCESS LIABIL-
ITY, PROFESSIONAL LIABILITY, MEDICAL MAL-
PRACTICE, ENVIRONMENTAL, PROPERTY AND
SURETY; FINANCIAL SERVICES RENDERED TO IN-
STITUTIONAL AND INDIVIDUAL CLIENTS, NAME-
LY, STANDARD AND CUSTOMIZED INTEREST

RATE, CURRENCY, EQUITY AND CREDIT SWAP
SERVICES; CREATING AND BROKERING DERIVA-
TIVE INSTRUMENTS FOR OTHERS; COMMODITY
TRADING FOR OTHERS; SECURITIES BROKERAGE
FOR OTHERS; PENSION AND INVESTMENT-FUND
MANAGEMENT; FINANCIAL GUARANTY AND
SURETY SERVICES; CREDIT CARD SERVICES; IN-
VESTMENT CONSULTATION; INVESTMENT MAN-
AGEMENT; INVESTMENT ADVISORY SERVICES;
MANAGEMENT AND BROKERING OF MUTUAL
FUNDS; BANKING SERVICES; MANAGEMENT OF
REAL ESTATE, AND THE LEASING THEREOF;
REAL ESTATE MORTGAGE-LENDING SERVICES;
INSURANCE-RELATED FINANCIAL SERVICES
RENDERED TO COMMERCIAL AND INDIVIDUAL
CLIENTS, NAMELY, INSTALLMENT LOAN SERV-
ICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).
FIRST USE 0-0-1968; IN COMMERCE 0-0-1968.
FOR: INSURANCE-RELATED SAFETY ENGI-
NEERING SERVICES; COMPUTER PROGRAMMING
SERVICES FOR FINANCIAL SERVICES COMPA-
NIES, IN CLASS 42 (U.S. CLS. 100 AND 101).
FIRST USE 0-0-1968; IN COMMERCE 0-0-1968.
OWNER OF U.S. REG. NOS. 1,023,912, 1,880,674
AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT
TO USE "GROUP", APART FROM THE MARK AS
SHOWN.
SEC. 2(F).

SER. NO. 75-401,489, FILED 12-8-1997.

JAMES GRIFFIN, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

February 21, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,398,912 IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM  *October 31, 2000*
SAID RECORDS SHOW TITLE TO BE IN:  *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

T. LAWRENCE
Certifying Officer



Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,398,912

Registered Oct. 31, 2000

## SERVICE MARK
## PRINCIPAL REGISTER

# AMERICAN INTERNATIONAL COMPANIES

AMERICAN INTERNATIONAL GROUP, INC. (DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: UNDERWRITING SERVICES, NAMELY, AUTOMOBILE, AIRCRAFT, PROPERTY AND CASUALTY, LIFE, ACCIDENT, HEALTH, EMPLOYMENT PRACTICES LIABILITY, ERISA, MEDICAL MALPRACTICE, DIRECTOR AND OFFICER LIABILITY, PROFESSIONAL LIABILITY, MARINE AND ENVIRONMENTAL; INSURANCE AND INSURANCE-RELATED SERVICES RENDERED TO CORPORATE AND OTHER COMMERCIAL AND INDIVIDUAL CLIENTS, NAMELY, ACTUARIAL SERVICES, PENSION FUND ADMINISTRATIVE SERVICES, INSURANCE CLAIMS ADJUSTMENT SERVICES, SAFETY AND RISK MANAGEMENT SERVICES; REINSURANCE UNDERWRITING AND REINSURANCE CLAIMS ADJUSTMENT SERVICES IN THE FIELD OF PROFESSIONAL LIABILITY, DIRECTOR AND OFFICER LIABILITY, MEDICAL MALPRACTICE, ACCIDENT, HEALTH, ERISA LIABILITY, EMPLOYMENT PRACTICES LIABILITY, EMPLOYED LAWYERS LIABILITY, CORPORATE CRIME INSURANCE, COMMUNITY BANK LIABILITY, GENERAL PARTNERS AND LIMITED PARTNERSHIP LIABILITY, SHAREHOLDER CLASS ACTION LIABILITY, AND INSURANCE CLAIMS ADJUSTMENT SERVICES IN THE FIELD OF DIRECTOR AND OFFICER LIABILITY, FIDELITY, WORKER'S COMPENSATION, EXCESS LIABILITY, PROFESSIONAL LIABILITY, MEDICAL MALPRACTICE, ENVIRONMENTAL, PROPERTY AND SURETY; FINANCIAL SERVICES RENDERED TO INSTITUTIONAL AND INDIVIDUAL CLIENTS, NAMELY, STANDARD AND CUSTOMIZED INTEREST RATE AND CURRENCY SWAP SERVICES; CREATING AND BROKERING DERIVATIVE INSTRUMENTS FOR OTHERS; COMMODITY TRADING FOR OTHERS; SECURITIES BROKERAGE FOR OTHERS; PENSION AND INVESTMENT-FUND MANAGEMENT; FINANCIAL GUARANTY AND SURETY SERVICES; CREDIT CARD SERVICES; INVESTMENT CONSULTATION; INVESTMENT MANAGEMENT; INVESTMENT ADVISORY SERVICES; MANAGEMENT AND BROKERING OF MUTUAL FUNDS; BANKING SERVICES; MANAGEMENT OF REAL ESTATE, AND THE LEASING THEREOF; REAL ESTATE MORTGAGE-LENDING SERVICES; INSURANCE-RELATED FINANCIAL SERVICES RENDERED TO COMMERCIAL AND INDIVIDUAL CLIENTS, NAMELY, INSTALLMENT LOAN SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0–0–1967; IN COMMERCE 0–0–1967.

OWNER OF U.S. REG. NOS. 1,023,912, 1,661,062 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COMPANIES", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 75–402,034, FILED 12–8–1997.

REBECCA GILBERT, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

February 14, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,487,923 IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM   *September 11, 2001*
SAID RECORDS SHOW TITLE TO BE IN:   *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS
Certifying Officer



Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 2,487,923

Registered Sep. 11, 2001

### SERVICE MARK
### PRINCIPAL REGISTER

## AMERICAN INTERNATIONAL GROUP

AMERICAN INTERNATIONAL GROUP, INC. (DELAWARE CORPORATION)
70 PINE STREET
NEW YORK, NY 10270

FOR: BANKING AND FINANCING SERVICES; CREDIT CARD SERVICES, AND CREDIT CARD TRANSACTION PROCESSING SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-1-2000; IN COMMERCE 5-1-2000.

OWNER OF U.S. REG. NOS. 1,151,230, 1,661,062, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE MARK AS SHOWN.

SN 75-400,574, FILED 12-5-1997.

REBECCA GILBERT, EXAMINING ATTORNEY

EXHIBIT B

July 21, 2006 05:49 PM US Eastern Timezone

## AIMA Announces Agreement with National Liability and Fire Insurance Company

NEW YORK--(BUSINESS WIRE)--July 21, 2006--American International Marine Agency, Inc. (AIMA), a wholly owned subsidiary of C. V. Starr & Co., Inc., today announced a new agreement with National Liability and Fire Insurance Company, a member of the Berkshire Hathaway group of insurance companies, which will expand the agency's servicing capabilities. The leading insurance agency for the marine industry, AIMA said that the relationship with National Liability and Fire Insurance Company will allow the agency to immediately offer $100 Million of commercial underwriting capacity to its clients.

"Our new agreement with National Liability and Fire Insurance Company ensures that AIMA will continue to offer the breadth of tailored marine products and services that have made the company an industry leader for more than 60 years," said David French, President, AIMA. "It also reflects our commitment to providing superior coverage and solutions, through the industry's top companies, that meet our clients' needs."

About American International Marine Agency, Inc.

American International Marine Agency, Inc. (AIMA), a wholly-owned subsidiary of C. V. Starr & Co. Inc., produces ocean marine insurance for cargo, hull and marine liability risks, and covers multinationals, importers, exporters, manufacturers and logistics operators. AIMA is the U.S. market leader in cargo, with a dominant position in multinational and complex risk management segment. The longest standing traditional marine underwriter in North America and a market leader for nearly 60 years, AIMA is a leading marine writer in the United States and one of the top marine writers worldwide.

About C. V. Starr & Co. Inc.

C. V. Starr & Co. Inc. is an independently-owned holding company with insurance agencies and a portfolio of global investments. Through its wholly owned insurance agencies, C. V. Starr historically has produced approximately $2 billion annually of comprehensive insurance coverage among several specialty lines covering aviation, marine, excess casualty and property, including risks with international exposures. These agencies provide a broad spectrum of value-added specialized services including claims handling and settlement, risks assessment and loss prevention, and customer focused attention. C. V. Starr also has more than $3 billion in investment assets that include public and private equity, hedge funds and alternative assets. C. V. Starr's significant presence in global markets, backed by the company's international expertise, has made it an industry leader for more than 50 years. The company is headquartered in New York City.



Contacts
Weber Shandwick
Brooke Parker, 212-445-8142



JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herin neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AMERICAN INTERNATIONAL GROUP, INC.

## DEFENDANTS
C.V. STARR & CO., INC. and AMERICAN INTERNATIONAL MARINE AGENCY OF NEW YORK, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Rodger D. Smith II, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801
(302) 351-9205

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed From State Court
- ☐ 3 Remanded From Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred From another district (specify) _____
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgement
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholder Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant
- ☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks or Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Federal trademark infringement action

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions)
JUDGE _____     DOCKET NUMBER _____

DATE 7/28/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse
(Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. this form, approved by the Judicial Conference of the Untied States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify the first agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE; In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C., Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_7-28-06_____      _Philip J. Margiotta_____
(Date forms issued)      (Signature of Party or their Representative)

                     _Philip J. Margiotta_____
                     (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action