IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-463 |
| | ) | |
| C. V. STARR & CO., INC. and AMERICAN INTERNATIONAL MARINE AGENCY OF NEW YORK, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF HONORA KEANE

HONORA KEANE, under penalty of perjury, declares as follows:

1.  I am Senior Counsel and Vice President of C. V. Starr & Co., Inc. ("C. V. Starr"), at 90 Park Avenue, New York, New York 10016, and have served in this capacity since May 31, 2006. I am admitted to practice law in the states of New Jersey and New York. The facts in this Declaration are based on my personal knowledge and professional experience.

**Background**

2.  Prior to my employment at C. V. Starr, I was an associate at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") for 14 years and worked in its insurance practice since approximately 1998. In that capacity, I was responsible for insurance licensing and name change filings for a variety of insurance companies and insurance agencies.

3.  In the spring of 2006, I was the Skadden lawyer primarily responsible for the regulatory filings made in connection with changing the name of American International Aviation Agency, Inc. ("AIAA"), another C. V. Starr insurance agency, to Starr Aviation Agency, Inc. ("Starr Aviation"). AIAA had 13 active insurance licenses. The name change of AIAA to Starr Aviation, not including the name reservation process, from preparation of filings to receipt of the insurance department approvals necessary to begin using the new name, took approximately 90 days.

4.  On or about July 25, 2006, American International Marine Agency of New York, Inc. ("AIMA") received notice from American International Group, Inc. ("AIG") that its authority to act as an agent for insurance companies that are subsidiaries of AIG was terminated immediately. On Monday, July 31, 2006, I began coordinating the process to change the name of AIMA and its subsidiaries (collectively, the "AIMA Entities") to adopt the Starr name that has long been used by AIMA's parent and certain of AIMA's affiliated corporations. I am primarily responsible for this name change process for the AIMA Entities.

**Time Necessary for the Transition from AIMA to Starr Marine**

5.  For the reasons more fully described below, and based on my most recent experience changing AIAA's name to Starr Aviation, I believe that a good-faith estimate for meeting all of the legal requirements to change the AIMA Entities' name in more than 27 jurisdictions would be 90 to 120 days. However, because the insurance industry, including the business of insurance agencies, is heavily regulated by the states, and the AIMA Entities are effectively a nationwide business, the AIMA Entities will of necessity require name change approvals in each jurisdiction in which each is domiciled and in which each conducts business. Under these circumstances, it is not possible to guarantee the length of the review and approval period from the more than 27 states involved. The process may require longer than 120 days.

6. Under various state laws, the AIMA Entities cannot conduct business under a new name without satisfying a series of state regulatory requirements. In most states, a name reservation is required in advance of filing for a name change. Reservation of the name "Starr Marine Agency, Inc." was completed some time ago. In each domiciliary state, AIMA Entities must file with the Secretary of State an amended certificate of incorporation reflecting the name change. There are nine (9) such states.

7. Once the respective Secretaries of State approve the amended certificate of incorporation (which could take between 30 and 60 days, and possibly longer), the AIMA Entities must file the amended certificate with the respective insurance departments in order to obtain amended insurance licenses to conduct business under the changed name.

8. Once approval is obtained from the domiciliary insurance regulator (which could also take between 30 and 60 days, and possibly longer), evidence of the domiciliary state approval of the name change and the amended certificate of incorporation must be filed in certain of the states in which the AIMA Entities are authorized to conduct business as a non-resident agency. For some jurisdictions, this requires an initial filing with the secretary of state, and a subsequent filing with the state's insurance regulatory agency. There are 5 "active" AIMA entities, i.e., those domiciled in New York, California, Massachusetts, Texas, and Illinois. Except for Massachusetts, each has non-resident licenses. Filings in connection with the non-resident licenses of these entities will be required in approximately 27 states. Also, AIMA of New York currently has new license applications pending in 13 jurisdictions. Upon receipt of the New York Insurance Department's approval of the name change, these applications will require amendment to reflect the name change.

9. As of August 15, 2006, amended certificates of incorporation have been filed in the 9 domiciliary states and evidence of these filings has been received from the

states. The application to change AIMA of New York's name to Starr Marine was submitted via overnight delivery on August 8, 2006 for filing with the New York Insurance Department and has been submitted to the insurance departments of the District of Columbia, Kansas, Colorado, Virginia and South Carolina, which do not customarily require advance approval from their respective secretary of states or from the New York Insurance Department. AIMA of New York's name change is complete in Kansas. Evidence filings for 9 of the 29 foreign jurisdictions in which AIMA of New York is qualified have been filed. The remaining 20 were executed and provided to Corporations Service Company ("CSC") and submitted to the 20 Secretary of State's offices, which have these under review for filing. Evidence filings for AIMA (California) for the foreign jurisdictions in which it is qualified (New York, Oregon and Washington) have been filed and are pending.

Insurance Department filings have been made for AIMA of New York in an additional 21 of its non-resident license states. Including the filings made on August 8, three states (Louisiana, Virginia and South Carolina) have requested additional evidence. Louisiana's acceptance of the filing is pending its request to receive a certified copy of the New York Insurance Department approval. Insurance Department filings for AIMA of Massachusetts and AIMA of Texas have been made.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed in New York, New York on August 15, 2006.

_____
HONORA KEANE

4

**CERTIFICATE OF SERVICE**

I, Edward B. Micheletti, hereby certify that on August 16, 2006, a copy of Defendants' Opposition to AIG's Motion for a Preliminary Injunction, Declaration of Kenneth A. Plevan, Declaration of Richard Shaak, Declaration of William J. Weichold, Declaration of Honora Keane, Declaration of William Eason and Declaration of Charles Capozzoli were served on the following counsel of record:

<u>VIA CM/ECF</u>
Rodger D. Smith II, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

/s/ Edward B. Micheletti
Edward B. Micheletti (I.D. No. 3794)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000