IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMERICAN INTERNATIONAL GROUP, INC.,    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )
                                        )    C.A. No. 06-463-SLR
C.V. STARR & CO., INC. and AMERICAN     )
INTERNATIONAL MARINE AGENCY OF          )
NEW YORK, INC.,                         )
                                        )
            Defendants.                 )
                                        )

## DECLARATION OF JEFFREY A. CONCIATORI

I, JEFFREY A. CONCIATORI, declare as follows:

1.      I am a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP in New York, New York, counsel for plaintiff American International Group, Inc. ("AIG") in this action. I make this declaration in support of AIG's request for an order restraining and enjoining defendants from using AMERICAN INTERNATIONAL or AIMA in connection with the marine insurance business.

2.      On August 4, 2006, our office received a letter from Stephanie Kamerow, an attorney with the Skadden firm, concerning the New York litigation over the STARR marks, in which Ms. Kamerow stated that discovery concerning likelihood of confusion is unnecessary because the parties are direct competitors and are using the same marks -- "all parties agree that AIG and the Starr parties are now direct competitors. Therefore, likelihood of confusion if both sides use the Starr Marks is presumed, making discovery on these issues unnecessary." A true and correct copy of Ms. Kamerow's August 4 letter is attached hereto as Exhibit A.

3.      After AIG terminated its business relationship with American International Aviation Agency, Inc. ("the Aviation Agency"), one of my partners, Robert Raskopf, wrote to counsel for the Aviation Agency on February 17, 2006, demanding that the Aviation Agency "immediately cease and desist from any unauthorized use of the designation AMERICAN INTERNATIONAL." A true and correct copy of Mr. Raskopf's February 17 letter is attached hereto as Exhibit B.

4.      On March 13, 2006, Mr. Raskopf received a letter from Kenneth Plevan, counsel for the Aviation Agency, in which the Aviation Agency agreed on March 13, 2006, to change its name, and indicating that "this effort will be complete by May 9, 2006." In return for that commitment, the Aviation Agency asked AIG not to challenge "AIAA's use of the AMERICAN INTERNATIONAL name/mark in the interim." A true and correct copy of Mr. Plevan's March 13 letter is attached hereto as Exhibit C.

5.      On March 27, 2006, Mr. Raskopf sent a letter to Mr. Plevan in which he indicated that AIG accepted the Aviation Agency's March 13 proposal: "We hereby agree to the terms set forth in your March 13, 2006 letter" "in which your client AIAA agreed to permanently discontinue its use of the AMERICAN INTERNATIONAL mark on or before May 9, 2006, in exchange for AIG's promise not to challenge its use of the mark in the interim." A true and correct copy of Mr. Raskopf's March 27 letter is attached hereto as Exhibit D.

6.      On May 5, 2006, Mr. Raskopf received a letter from Mr. Plevan in which he indicated that "the approval process necessary for the name change will not be completed for another 6-8 weeks." A true and correct copy of Mr. Raskopf's May 5 letter is attached hereto as Exhibit E.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York this 22nd day of August, 2006.

Jeffrey A. Conciatori

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on August 23, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Edward P. Welch
> Edward B. Micheletti
> Jenness E. Parker
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

I also certify that copies were caused to be served on August 23, 2006 upon the following in the manner indicated:

### BY HAND

> Edward P. Welch
> Edward B. Micheletti
> Jenness E. Parker
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
> One Rodney Square
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> Kenneth A. Plevan
> John L. Gardiner
> Anthony J. Dreyer
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
> Four Times Square
> New York, NY  10036

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
rsmith@mnat.com

533760

# EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212-735-3465
DIRECT FAX
917-777-3465
EMAIL ADDRESS
SKAMEROW@SKADDEN.COM

August 4, 2006

By E-Mail and Hand

Michael Carlinsky, Esq.
Quinn, Emanuel, Urquhart,
    Oliver & Hedges LLP
51 Madison Avenue
New York, New York 10010

Re:    *C.V. Starr & Co., Inc. et al. v. American International
       Group, Inc., et al.*, Civil Action No. 06-2157 (HB) (KNF)

Dear Mike:

            We write in response to your letter of July 26, 2006 regarding
Plaintiffs' and Counterclaim Defendants' Responses and Objections to American
International Group's ("AIG") First Request for Production of Documents
("Plaintiffs' Responses and Objections") and Plaintiffs' and Counterclaim
Defendants' (the "Starr Parties") objections to AIG's 30(b)(6) deposition notices of
Starr Technical Risks Agency ("Starr Tech") and C. V. Starr & Co., Inc. ("C. V.
Starr").

**Document Request General Objection No. 7 and Specific Response No. 18, Rule
30(b)(6) Notice of Deposition of Starr Tech Nos. 9 & 10 and Rule 30(b)(6) Notice
of Deposition of C. V. Starr Nos. 8 & 9**

            AIG contends that documents and testimony concerning the planned
future use of the STARR marks is relevant to the "bridge the gap" factor of the
*Polaroid* analysis of likelihood of confusion. *See Polaroid Corp. v. Polarad Elecs.
Corp.*, 287 F.2d 492 (2d Cir. 1961). However, there is no dispute that AIG and the

Michael Carlinsky, Esq.
August 4, 2006
Page 2

Starr Parties are now direct competitors, and accordingly, there is no "gap" to "bridge," making the requested information not relevant to any claim or defense in this lawsuit. *See Star Ind., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 387 (2d Cir. 2005) (holding that there was no gap to bridge where parties' products were in "competitive proximity" and that, therefore, this factor was irrelevant to a likelihood of confusion analysis).

### Document Requests General Objection No. 8

The Starr Parties stand by their General Objection to the production of documents responsive to AIG's requests created prior to January 1, 1996 on the grounds that such requests are overbroad and that production of such responsive documents would be unduly burdensome. Nevertheless, the Starr Parties have produced, for example, samples of the use of the STARR marks prior to January 1, 1996. (*See, e.g.*, STARR/TM 000001 - 000174.) Further, AIG has already received testimony from William Weichold regarding events that took place in the early 1960s (*see, e.g.*, Weichold Dep. at 23-25), and from Richard Shaak regarding the founding of Starr Tech in 1967 (Shaak Dep. 71-73, 287.) Additionally, in light of the fact that the Starr agencies served as managing general agents ("MGAs") for AIG subsidiaries for many years prior to 1996, AIG or its wholly owned subsidiaries presumably possess countless examples of the pre-1996 documents they seek.

### Document Requests Specific Responses Nos. 2 and 3

The Starr Parties continue to object to these requests on the grounds that the requests are overbroad and production of the requested documents would be unduly burdensome. However, and without waiving any objections, the Starr Parties note that they have already produced documents sufficient to show the composition of the Starr Parties' respective boards of directors dating back to 1999. (*See* STARR/TM 001909 - 002030.) The Starr Parties will produce similar documents for the earlier years to the extent this information is available.

### Document Requests Specific Responses Nos. 11, 12, 14, 15 & 18, Rule 30(b)(6) Notice of Deposition of Starr Tech Nos. 12 & 13 and Rule 30(b)(6) Notice of Deposition of C. V. Starr Nos. 11 & 12

The Starr Parties continue to object to these requests on the grounds that they are not relevant to any claim or defense of any party to this litigation, especially with respect to past activities. With respect to current and future activities, as noted, all parties agree that AIG and the Starr Parties are now direct competitors. Therefore, likelihood of confusion if both sides use the Starr Marks is

Michael Carlinsky, Esq.
August 4, 2006
Page 3

presumed, making discovery on these issues unnecessary. *See Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990) ("[L]ikelihood of confusion is inevitable, when, as in this case, the identical mark is used concurrently by unrelated entities."); *Solutech, Inc. v. Solutech Consulting Servs., Inc.*, 153 F. Supp. 2d 1082, 1088 (E.D. Mo. 2000) (holding that likelihood of confusion is presumed where identical marks are used in the same geographical area for the same class of goods or services).

With respect to the production of documents and testimony regarding ownership of the STARR marks, the Starr Parties continue to object that the requested information is irrelevant. Nevertheless, the Starr Parties note that they have already produced the file wrappers for the STARR marks which list the registrants as one or the other of the Starr Parties.

With respect to your assertion that the Starr Parties have requested information "similar" to that of AIG's Document Request No. 11, the Starr Parties respond that nowhere in their Document Requests have they made such a broad request as "[a]ll documents and things concerning the STARR Marks ... in which [the Starr Parties] claim an ownership interest." Given the scope of AIG's Document Request and Definition of terms, Document Request No. 11, taken at face value, would require the production of literally <u>every</u> document containing the word "Starr." Further, as stated in the Starr Parties' Response to the Document Request, it is their position that they have the right to use <u>any and all</u> versions of the STARR Marks for the services in question. As a result, the information sought in the Document Request is overbroad, unduly burdensome, and irrelevant.

Furthermore, and without waiving any objections, the Starr Parties have already produced documents representative of their current and historic use of the Starr Marks and documents sufficient to evidence the marketing and promotional materials widely distributed, or intended to be widely distributed, by the Starr Parties following the notifications of termination. (*See, e.g.*, STARR/TM 000189 – 000192; STARR/TM 002717 – 002723.) Moreover, in his recent deposition, Richard Shaak, President of Starr Tech, gave testimony regarding how Starr Tech has marketed itself to customers and who those customers generally are (*see, e.g.*, Shaak Dep. 30-35, 85-86), testimony directly responsive to Topics of Examination Nos. 12 and 13.

Michael Carlinsky, Esq.
August 4, 2006
Page 4

**Document Requests Specific Response No. 17**

Without waiving any objections, the Starr Parties note that they have already produced samples of past marketing, advertising and promotional materials. (*See, e.g.*, STARR/TM 000189 - 000192 and STARR/TM 002717 - 002723.)

**Document Requests Specific Response No. 21, Rule 30(b)(6) Notice of Deposition of Starr Tech No. 18 and Rule 30(b)(6) Notice of Deposition of C. V. Starr No. 17**

Your letter states that "evidence tending to show that the public has, for more than half a century, associated the Starr Parties and the STARR Marks with AIG is directly relevant to AIG's unfair competition and trademark infringement claims." We have trouble following this logic given the contractual relationship between the parties pre-termination, which by definition is "evidence" of an "association" between the parties. Thus, to the extent we understand the request, it calls for practically every single document in the Starr Agencies' files relating to such claims. In any event, the Starr Parties note their objection that, among other things, these requests are vague, indefinite, and ambiguous. If AIG will specify what information it is seeking, the Starr Parties will, without waiving any of their objections, reconsider AIG's requests.

**Document Requests Specific Response Nos. 25 & 26, Rule 30(b)(6) Notice of Deposition of Starr Tech Nos. 21 & 22 and Rule 30(b)(6) Notice of Deposition of C. V. Starr Nos. 20 & 21**

The Starr Parties continue to object that these requests are overbroad, unduly burdensome and call for legal conclusions. Document Request No. 25 seeks all documents "concerning AIG's supervision or management of C.V. Starr or the Starr Agencies' business operations." If, by this and the other related requests, AIG seeks all documents and information relating to the principal-agent relationships between AIG (or its affiliates) and the Starr agencies, as well as all documents relating to goods and services purchased by the Starr Parties from AIG and its affiliates, the Starr Parties would have no alternative but to produce literally <u>every</u> document spanning several decades that bears on the relationships between the Starr Parties and AIG and its affiliates. Further, AIG clearly has equal (if not better) access to a full range of documents concerning the decades-long relationships.

Michael Carlinsky, Esq.
August 4, 2006
Page 5

### Document Requests Specific Response No. 29

      The Starr Parties continue to object to this request on the grounds that it is vague, overbroad, and irrelevant. Audits performed by AIG, which were incidental to the principal-agent relationships between AIG and the Starr Parties or were services paid for by the Starr Parties and performed for their own benefit, or both, have no bearing on the parties' respective trademark rights. AIG cannot expand discovery in this trademark action to include every connection between the parties simply by alleging that AIG "managed" or "supervised" the Starr Parties. Moreover, AIG has itself produced to the Starr Parties numerous documents concerning audits conducted by AIG and Starr Parties personnel, thereby establishing that AIG has access to a full range of documents on this topic. (*See, e.g.*, AIG 01425 – 001431; AIG 03772 – 03788.) To have the Starr Parties search their files for what would doubtless be merely supplemental -- if not entirely duplicative -- material would be unduly burdensome and a waste of time and resources.

### Rule 30(b)(6) Notice of Deposition of C. V. Starr No. 6

      C. V. Starr reiterates its objections to this topic of examination, but as indicated, will provide through its designee relevant testimony, if any, relating to the activities of C. V. Starr, to the extent that such information, given the passage of time, is currently available.

### Starr Parties' Document Production

      As you are aware, we have been producing documents on a rolling basis, and we will produce responsive documents consistent with Plaintiffs' Responses and Objections, if any, from the files of C. V. Starr, Starr Aviation, and Starr Associates.[1]

      We are available to meet and confer on these matters at mutually agreeable time.

Very truly yours,

Stephanie J. Kamerow

---

[1]   We note that C. V. Starr has already produced some documents. (*See, e.g.*, STARR/TM 003297.)

593285.02-New York Server 6A - MSW

EXHIBIT B

quinn emanuel trial lawyers | new york

335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

WRITER'S DIRECT DIAL NO.
212/702-8185

WRITER'S INTERNET ADDRESS
robertraskopf@quinnemanuel.com

February 17, 2006

## VIA FACSIMILE, E-MAIL AND FEDERAL EXPRESS

David Boies
BOIES, SCHILLER & FLEXNER LLP
33 Main Street
Armonk, New York 10504
Fax:(212) 466-2360
Email: dboies@bsfllp.com

John L. Gardiner
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
Four Times Square
New York, New York 10036
Fax:(212) 735-2000
Email:jgardine@skadden.com

Jonathan D. Schiller
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Suite 800
Washington, DC 20015
Fax: (212) 466-2360
Email:jschiller@bdfllp.com

> Re:    *Unauthorized Use of the Designation AMERICAN INTERNATIONAL*

Dear Sirs:

We represent American International Group, Inc. ("AIG"), world leaders in insurance and financial services. Through its extensive worldwide property-casualty and life insurance networks, AIG's subsidiaries offer a wide variety of insurance products and services in more than 130 countries around the world, including the United States. In addition, as you are no doubt aware, AIG's subsidiaries are the leading underwriter of aviation insurance based in the United States.

To identify and distinguish AIG and the products and services its subsidiaries provide, AIG has adopted and used in commerce certain trademarks, symbols, logos, emblems, and other identifying marks. Since at least as early as 1926, AIG, through its predecessors-in-interest, has continuously used the trademark AMERICAN INTERNATIONAL in connection with its business of underwriting insurance.

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-5196

AIG owns numerous federal trademark registrations for the mark AMERICAN INTERNATIONAL and variations thereof, including, inter alia, United States Trademark Registration Nos. 1023912, 1661062, 1190934, 1151230, 2487923, 2376437, 2168144, 2037682, 1840829, 1872028 and 2398912. All but two of these registrations are incontestable under Section 15 of the federal trademark statute, the Lanham Act, 15 U.S.C. § 1065.

In addition, AIG has expended considerable resources in the worldwide advertisement and promotion of products and services bearing the AMERICAN INTERNATIONAL mark. As a result of the substantial use, advertisement, and promotion of these marks by AIG, AMERICAN INTERNATIONAL has become widely and favorably known to the public throughout the United States and the world as identifying AIG and the products and services its subsidiaries provide. Thus, the AMERICAN INTERNATIONAL mark is famous, engenders immense goodwill, and has strong secondary meaning denoting sponsorship and authorization by AIG.

Any designation, used commercially, that creates the impression that AIG sponsors, approves or is otherwise associated with a business venture, violates the rights of AIG, trades on the equity it has developed for its identity, and falsely suggests an association with it.

As you are undoubtedly aware, on January 26, 2006, AIG formally terminated its business relationship with your client American International Aviation Agency, Inc. ("AIAA"). As such, AIAA's continuing use of the designation AMERICAN INTERNATIONAL in connection with its business constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; causes confusion as to the origin of your goods and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilutes the distinctive quality of the AMERICAN INTERNATIONAL mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and violates state trademark, unfair-competition, dilution, and deceptive-trade-practices statutes and common law.

Accordingly, we demand that AIAA immediately cease and desist from any unauthorized use of the designation AMERICAN INTERNATIONAL. AIG vigilantly protects its trademarks and has, where necessary, brought proceedings to enforce these rights.

Please provide a written response no later than the close of business on Friday, February 24, 2006, indicating your client's compliance with the above demands. If we do not hear from you we will commence legal action seeking AIAA's profits, AIG's damages, costs associated with the action, as well as other available remedies.

We do not intend, nor should you construe, anything in this letter as a waiver or relinquishment of any right or remedy that our client may have in this matter; we hereby reserve all such rights and remedies.

Please contact me if you have any questions.

Sincerely,

Robert L. Raskopf

EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

(212) 735-3000

FAX: (212) 735-2000

http://www.skadden.com

DIRECT DIAL
(212) 735-3410
DIRECT FAX
(917) 777-3410
EMAIL ADDRESS
KPLEVAN@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 13, 2006

**By E-Mail**

Robert L. Raskopf, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
335 Madison Avenue, 17th Floor
New York, NY 10017

Dear Bob:

       I am pleased to report that, in an effort to resolve the dispute regarding its use of the AMERICAN INTERNATIONAL mark, and without prejudice to any of its rights, American International Aviation Agency, Inc. ("AIAA") has begun the process of terminating its use of the AMERICAN INTERNATIONAL mark and adopting a new name/mark, and is committing to doing so. We believe that this effort will be complete by May 9, 2006.

       In light of the foregoing, we trust that American International Group, Inc. ("AIG") will not challenge AIAA's use of the AMERICAN INTERNATIONAL name/mark in the interim.

Robert L. Raskopf, Esq.
March 13, 2006
Page 2

We trust that the foregoing will be acceptable to AIG.

Sincerely,

Kenneth A. Plevan

EXHIBIT D

quinn emanuel | trial lawyers | new york

335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

WRITER'S DIRECT DIAL NO.
212/849-7185

WRITER'S INTERNET ADDRESS
robertraskop@quinnemanuel.com

March 27, 2006

**VIA FACSIMILE, E-MAIL AND FEDERAL EXPRESS**

Kenneth A. Plevan
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
Four Times Square
New York, New York 10036
Fax:(212) 735-3410
Email:kplevan@skadden.com

Dear Ken:

Thank you for your letter of March 13, 2006, in which your client AIAA agreed to permanently discontinue its use of the AMERICAN INTERNATIONAL mark on or before May 9, 2006, in exchange for AIG's promise not to challenge its use of the mark in the interim.

We agree hereby agree to the terms set forth in your March 13, 2006 letter. We are glad the parties could resolve the dispute amicably.

Sincerely,

Robert L. Raskopf

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

# EXHIBIT E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

(212) 735-3000

FAX: (212) 735-2000

http://www.skadden.com

DIRECT DIAL
(212) 735-3410
DIRECT FAX
(917) 777-3410
EMAIL ADDRESS
KPLEVAN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 5, 2006

**By E-Mail**

Robert L. Raskopf, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
335 Madison Avenue, 17th Floor
New York, NY 10017

Dear Bob:

On behalf of AIAA, I am writing to follow up on our prior discussions and correspondence regarding AIAA's phasing out of its use of the mark "American International." (Several of those letters were attached to your recent declaration submitted to Judge Baer, see Ex's 5-7. One letter not attached to your declaration was my letter to you of March 13, 2006.)

In my letter of March 13th, AIAA committed to the phase-out that we had discussed. At that time I stated that:

"We believe that this effort will be completed by May 9, 2006."

I am writing to provide you with a status report on the transition efforts. As you know, it is not a simple matter to change the name of an entity subject to state insurance regulation. On behalf of AIAA, all of the required filings have already been made. However, because of backlogs and processing time at certain of the state agencies, the approval process necessary for the name change will not be completed for another 6-8 weeks. As soon as complete, the name change will be effectuated.

Robert L. Raskopf, Esq.
May 5, 2006
Page 2


   Please call me if you have any questions.  We will monitor the
progress of the name-change efforts on a regular basis.  We appreciate your
understanding with respect to this situation.


        Sincerely,


        Kenneth A. Plevan