**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 06-463 · SLR |
| | : | |
| C. V. STARR & CO., INC. and AMERICAN INTERNATIONAL MARINE AGENCY OF NEW YORK, INC., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| | : | |

**TRANSMITTAL AFFIDAVIT OF EDWARD B. MICHELETTI
TO DEFENDANTS' OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss. |
| COUNTY OF NEW CASTLE | ) |

Edward B. Micheletti, being duly sworn, deposes and says:

1.      I am a member of the Delaware Bar, and I am a member of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for C.V. Starr & Co. and American International Marine Agency of New York, Inc. (collectively called "Defendants").

2.      I make this affidavit for the purpose of transmitting to the Court true and correct copies of the following documents which are referenced in Defendants' Opening Brief In Support of their Motion to Dismiss, dated August 28, 2006, and filed concurrently herewith:

**Description**                                                                 **Exhibit**

Marine Management Agreement, December 1, 1977 ................................................................... A

Excerpt, American International Group, Inc. Form 10-K, 2005 ....................................................B

Edward B. Micheletti (I.D. No. 3794)

SWORN TO AND SUBSCRIBED
before me this 28th day
of August, 2006

Notary Public

LYNN M. PRICKETT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 11, 2010

2

# EXHIBIT A

## MARINE MANAGEMENT AGREEMENT

THIS AGREEMENT effective as of the first day of December, 1977, by and between NATIONAL UNION FIRE INSURANCE COMPANY, BIRMINGHAM FIRE INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, COMMERCE AND INDUSTRY INSURANCE COMPANY, AIU INSURANCE COMPANY (hereinafter called the "COMPANIES") and AMERICAN INTERNATIONAL MARINE AGENCY OF NEW YORK, INC. (Hereinafter called the "MANAGING AGENT").

WITNESSETH:

FIRST: The Companies hereby appoint AMERICAN INTERNATIONAL MARINE AGENCY OF NEW YORK, INC. to act as their Managing Agent for Marine insurance (including Marine War Risk) in the Continental United States, Canada, Alaska and Hawaii, subject to such instructions as may be issued from time to time by the Companies for the conduct of the Managing Agency.

The Managing Agent shall have authority to appoint and remove sub-agents, agents and General Agents; issue and cancel contracts of insurance and reinsurance; accept and decline risks; collect premiums; to reject, adjust, compromise and pay losses; to enter into reinsurance agreements with reinsurers by treaty or otherwise, for part or all of any liability assumed by the Companies; to recover from reinsurers return premiums, losses and expenses; to pay return premiums, reinsurance premiums; to pay for surveys, to pay all taxes and fees imposed by authorities in various countries or agencies thereof in respect of business to which this Agreement applies; and generally do everything necessary for the management of Marine business, all by virtue of authority, privileges, duties and obligations herein granted and assumed and which may hereafter be granted or assumed.

The Managing Agent accepts the appointment and agrees faithfully to perform the duties thereof to the best of its knowledge, skill and judgment, and to obey promptly such instructions as it may receive from time to time from the Companies.

- 1 -

The Companies and the Managing Agent agree that the limits of the Managing Agents' underwriting authority and the retention by each Company for its own account of risks written by the Managing Agent under this Agreement, shall be as set forth in Appendix B attached herewith and any subsequent amendments thereto.

SECOND:  The authority granted herein is in respect of risks usually undertaken by the Ocean Marine Departments of insurance companies and specifically as permitted by the charters of the Companies.

THIRD:  The Managing Agent undertakes to maintain an office in New York, N.Y., competent to receive, summarize and adjust all acts or transactions with the Companies, and its records shall be available to the Companies.

FOURTH:  No later than thirty (30) days after the close of each quarter ending March 31, June 30, September 30 and December 31, a statement of accounts shall be forwarded to the Companies in such form and in such detail as may be required by the Companies, and the balance due as shown in such statement shall be remitted to the Companies not later than ninety (90) days after the close of each quarter.  Accounts shall be rendered and all payments made in United States currency.

The Companies shall remit, or permit a deduction from balances paid to them, monies for account of losses paid or claims settled and to be paid.

The Managing Agent shall also furnish the Companies, as soon as practicable after the end of each calendar quarter, or at any time after the close of any month, at the request of the Companies, statements reflecting all necessary figures, for the inclusion in any statements, annual or otherwise, required by Insurance Departments or other authorities of Municipal, State or Federal Governments.

The Managing Agent agrees to use due diligence to collect payment of all premiums of policies or contracts of insurance issued by the Managing Agent and/or any of its appointees however designated and shall in no case be entitled to credit by reason of its failure to collect said premiums from brokers, its agents or policyholders.

- 2 -

FIFTH:  The Companies agree to pay all costs imposed by the authorities of various states and countries to comply with the legal requirements; legal expenses; Underwriting Association fees and assessments; forms and stationery; postage, telegraphic expenses incurred in the conduct of the Agency business; survey expenses; cost of Lloyd's Register and similar publications.

The Companies agree to reimburse the Managing Agent for brokerage, commissions and discounts allowed by said Managing Agent on the business written by it for account of the Companies under this Agreement.

The Managing Agent agrees to credit the Companies with brokerage, overriding commissions (other than management commission), commissions (except contingent commissions), discounts and other allowances received by said Managing Agent on the reinsured portion of the business written by it for account of the Companies under this Agreement.

It is understood that the Managing Agent may retain for its own account allowances made by reinsurers to cover the factor of remuneration of Managing Agent, directly, or indirectly when reinsuring on a "net cost" or similar basis, provided, however, said retentions for the account of the Managing Agent shall not be made to any extent which would result in reducing the total reinsurance allowance factors to each Company to a lesser percentage than what the acquisition cost percentage to each Company would have been had the amount reinsured been retained.

SIXTH:  The Companies will allow the Managing Agent remuneration in respect of all business written for account of the Companies as shown in the Schedule attached herewith designated APPENDIX "A".

SEVENTH:  The Agreement is unlimited as to its duration, but it may be terminated at the end of any calendar year by any party giving to the other parties six (6) months' notice in writing of such desire.

However, this Agreement may be terminated by the Companies at any time and with immediate effect in the event that the Managing Agent becomes insolvent or makes an assignment for the benefit of creditors, and, in such event, the right of the Companies to the use and profit of the management plant in connection with the business written by the Managing Agent or its agents for the Companies, shall be conceded and held inviolate, it being

- 3 -

further understood that should the Companies at their option effect the collection of monies from agents, policyholders, or others from whom monies may be due on account of the Companies policies issued through Managing Agent, the Companies shall give the Managing Agent credit for such sums in their mutual account.

EIGHT: The Agreement may be amended from time to time by exchange of letters which shall be considered of the same effect as formal addenda to this Agreement.

NINTH: This Agreement is made in good faith and should there arise from any unforeseen cause, difference of opinion or of interpretation of the Agreement which cannot be amicably settled between the Companies and the Managing Agent, it is then understood and agreed that such difference shall be submitted for arbitration to three disinterested officers of marine insurance offices, one to be chosen, by the Companies, one by the Managing Agent, and the third by the two so chosen, and a decision of the majority of the three shall in each case be final. The arbitrators shall be required to decide the matters submitted to them upon the customs and usages of the business and in a spirit of equity rather than of technicalities or of legal requirements. Each party shall pay for the expense of its own arbitrator and a pro rata portion of the expense of the third arbitrator.

TENTH: This Agreement will be effective December 1, 1977, and replaces all prior management agreements between the Companies and the Managing Agent.

IN WITNESS WHEREOF, the parties have caused this Agreement to be signed and their corporate seals to be affixed hereto by their duly authorized officers.

NATIONAL UNION FIRE INSURANCE COMPANY

Attest:

- 4 -

BIRMINGHAM FIRE INSURANCE COMPANY

Attest:

AMERICAN HOME ASSURANCE COMPANY

Attest:

COMMERCE AND INDUSTRY INSURANCE
COMPANY

Attest:

AIU INSURANCE COMPANY

Attest:

AMERICAN INTERNATIONAL MARINE AGENCY
OF NEW YORK, INC.

Attest:

- 5 -

APPENDIX "A"

SCHEDULE OF COMMISSIONS FOR
MARINE MANAGEMENT AGREEMENT

The Companies shall allow the Managing Agent the following
remuneration in respect of all business written for account of the Companies:

1.  Fifteen (15%) percent of the net premiums as defined below on
all Cargo policies and/or contracts written for account of the Companies,
excluding inward reinsurance assumed treaties.

Ten (10%) percent of the net premiums as defined below on all
Hull policies and/or contracts written for account of the Companies.

"Net Premiums" for the purpose of this Provision 1 mean:

Gross Premiums Written (less returns) after deduction
of all brokerages, commission, discounts and other
allowances (except contingent commission) allowed by
the Managing Agent,

LESS

Gross Premiums (less returns) paid for reinsurance
(other than Excess of Loss reinsurance) after
deduction of all credits to the Companies pursuant
to the third paragraph of ARTICLE FIFTH of the Agreement
of which this Appendix "A" is a part.

It is the purpose of this definition to provide that the
Companies shall, as far as possible, be made whole as
respects reinsurance costs, and that the Managing Agent
shall be entitled to retain as its management fee any
differential commission allowed by reinsurers up to but
not exceeding its normal management as provided herein.

2.  Where the Managing Agent allows contingent commission to its
agents based on the profits derived from the business written in their
respective territories, the Companies will allow, as an expense chargeable to
the business, contingent commission so paid, but not exceeding ten (10%)
percent of such respective profits.

3.  In addition to the foregoing, the Managing Agent shall receive
an annual compensation equal to ten (10%) percent of the net yearly profit
of the business as determined by the yearly contingent statement rendered to
the Companies.

This yearly net profit shall be determined on a policy year basis
from quarterly accounts which are to be rendered on a policy year basis. As
respects each policy year, the contingent statement therefore reflecting the
profit (or loss) for each such policy year is not to be rendered until
December 31st of the next succeeding year and preliminary settlement shall be
made on such results. Each year thereafter adjustments to the profit (or
loss) as reflected by the quarterly accounts as respects the respective policy
years are to be settled, pro or con, in a regular manner.

- 1 -



The calculations for each policy year shall be in accordance with the following formula:

### INCOME

1. Net Premiums as shown in the quarterly accounts. (Net premiums for this purpose mean the net premiums as defined in Provision 1 of this Appendix "A" after deduction of charges for Excess of Loss reinsurance and management commissions.)

2. All other items credited by the Managing Agent to the Companies and as shown in the quarterly accounts.

3. Net losses outstanding carried forward from last previous accounting.

### OUTGO

1. Net losses paid, less salvages received, as shown in the quarterly accounts.

2. Net losses outstanding at end of year as of which computation is currently being made.

3. Contingent commissions paid by the Managing Agent to its agents as provided in Provision 2 of this Appendix and included as a charge to the Companies in the quarterly accounts.

4. All other expenses charged by the Managing Agent to the Companies and as shown in the quarterly accounts.

5. Two (2%) percent Home Office expenses computed on the net premiums as shown in Item No. 1 of Income above.

6. Taxes which apply directly to the business (whether imposed in the form of licenses or assessments based on profits or percentages of premiums, or otherwise) incurred by the Companies excluding such as are embraced by Item No. 4 of Outgo above, but not including income, franchise or similar taxes imposed upon the Managing Agent or the Companies.

7. Deficit, if any, from the contingent statement of the preceding policy year adjusted to the end of the year as of which computation is currently being made; provided that no deficit shall be brought forward to any year except the policy year immediately succeeding.

The difference between Income and Outgo will represent the profit or loss on the business and shall be subject to verification by the Companies.

In case of termination of this Agreement, of which this Appendix "A" is a part, for any cause, no contingent, nor adjustments as hereinbefore provided for, shall be paid until at least twelve (12) months after the date of said Agreement ceases, and not until all outstanding losses have been adjusted and paid.

- 2 -

## APPENDIX "B"

### SCHEDULE OF RETENTIONS

The maximum limits any one risk retained by the Managing Agent in their primary pool on behalf of the Companies will be:

| | |
|---|---|
| Blue Water Hull | - $1,300,000 |
| Non Blue Water Hull - | 500,000 |
| Cargo | - 2,600,000 |
| Marine Liabilities - | 5,000,000 |

With respect to Marine Liabilities the Managing Agent has placed excess of loss reinsurance for account of the Companies with limits of $4,500,000 any one loss any one interest excess of $500,000 any one loss any one interest.

The Managing Agent has also placed general marine excess of loss reinsurance for account of the Companies with the following limits:

A) To cover excesses of the Ultimate Net Loss listed below up to a maximum Limit of $5,000,000.

| | | |
|---|---|---|
| a) Blue Water Hulls | $1,300,000 | per occurrence |
| b) Non Blue Water Hulls | $ 250,000 | per occurrence |
| c) Cargo | $ 500,000 | per occurrence |
| d) Marine Liabilities | $ 500,000 | per occurrence |

B) Also to cover excess of the Ultimate Net Loss of $1,300,000 up to a further maximum Limit of $5,000,000 in the event two or more interests and/or coverages are involved in the same occurrence.

The Managing Agent shall have authority to alter or amend the excess of loss reinsurances as in their best judgement will benefit the Companies and to place additional facultative or treaty reinsurance, subject always to the primary pool maximum retained limits set forth above.

The pro rata proportion of the foregoing interests and liabilities of the Company is for __47.50 %__.

# EXHIBIT B

## UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# Form 10-K

(Mark One)

☑ ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended December 31, 2005

or

☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from         to

Commission file number 1-8787

# American International Group, Inc.

(Exact name of registrant as specified in its charter)

| Delaware | 13-2592361 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |
| 70 Pine Street, New York, New York | 10270 |
| (Address of principal executive offices) | (Zip Code) |

Registrant's telephone number, including area code (212) 770-7000

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Name of each exchange on which registered |
|---|---|
| Common Stock, Par Value $2.50 Per Share | New York Stock Exchange, Inc. |

Securities registered pursuant to Section 12(g) of the Act:

Title of each class

None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.  Yes ☐   No ☑

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.  Yes ☐   No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.  Yes ☑   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act. (Check one):

Large Accelerated Filer ☑   Accelerated Filer ☐   Non-Accelerated Filer ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).  Yes ☐   No ☑

The aggregate market value of the voting and nonvoting common equity held by nonaffiliates of the registrant computed by reference to the price at which the common equity was last sold as of June 30, 2005 (the last business day of the registrant's most recently completed second fiscal quarter), was approximately $127,330,500,000.

As of January 31, 2006, there were outstanding 2,596,987,248 shares of Common Stock, $2.50 par value per share, of the registrant.

Documents Incorporated by Reference:

The registrant's definitive proxy statement filed or to be filed with the Securities and Exchange Commission pursuant to Regulation 14A involving the election of Directors at the Annual Meeting of Shareholders of the registrant scheduled to be held on May 17, 2006 is incorporated by reference in Part III of this Form 10-K.

# Subsidiaries of Registrant

**Exhibit 21**

| | Jurisdiction of Incorporation or Organization | Percentage of Voting Securities Owned by its Immediate Parent[2] |
|---|---|---|
| American International Group, Inc. (Registrant)[1] | Delaware | [3] |
| AIG Aviation, Inc. | Georgia | 100 |
| AIG Bulgaria Insurance and Reinsurance Company EAD | Bulgaria | 100 |
| AIG Capital Corporation | Delaware | 100 |
| AIG Consumer Finance Group, Inc. | Delaware | 100 |
| AIG Bank Polska S.A. | Poland | 99.92 |
| AIG Credit S.A. | Poland | 100 |
| Compania Financiera Argentina S.A. | Argentina | 100 |
| AIG Equipment Finance Holdings, Inc. | Delaware | 100 |
| AIG Commercial Equipment Finance, Inc. | Delaware | 100 |
| AIG Commercial Equipment Finance Company, Canada | Canada | 100 |
| AIG Finance Holdings, Inc. | New York | 100 |
| AIG Finance (Hong Kong) Limited | Hong Kong | 100 |
| AIG Global Asset Management Holdings Corp. | Delaware | 100 |
| AIG Asset Management Services, Inc. | Delaware | 100 |
| Brazos Capital Management, L.P. | Delaware | 92 |
| AIG Capital Partners, Inc. | Delaware | 100 |
| AIG Equity Sales Corp. | New York | 100 |
| AIG Global Investment Corp. | New Jersey | 100 |
| AIG Global Securities Lending Corp. | Delaware | 100 |
| International Lease Finance Corporation | California | 67.23[4] |
| AIG Global Real Estate Investment Corp. | Delaware | 100 |
| AIG Credit Corp. | Delaware | 100 |
| A.I. Credit Consumer Discount Corp. | Pennsylvania | 100 |
| A.I. Credit Corp. | New Hampshire | 100 |
| AICCO, Inc. | Delaware | 100 |
| AICCO, Inc. | California | 100 |
| AIG Credit Corp. of Canada | Canada | 100 |
| Imperial Premium Funding, Inc. | Delaware | 100 |
| AIG Egypt Insurance Company, S.A.E. | Egypt | 89.98 |
| AIG Federal Savings Bank | U.S.A. | 100 |
| AIG Financial Advisor Services, Inc. | Delaware | 100 |
| AIG Financial Advisor Services (Europe), S.A. | Luxembourg | 100 |
| AIG Financial Products Corp. | Delaware | 100 |
| AIG Matched Funding Corp. | Delaware | 100 |
| Banque AIG | France | 90[5] |
| AIG Funding, Inc. | Delaware | 100 |
| AIG Global Trade & Political Risk Insurance Company | New Jersey | 100 |
| A.I.G. Golden Insurance Ltd. | Israel | 50.01 |
| AIG Life Holdings (International) LLC | Delaware | 100 |
| American International Reinsurance Company, Ltd. | Bermuda | 100 |
| AIG Edison Life Insurance Company | Japan | 90[6] |
| American International Assurance Company, Limited | Hong Kong | 100 |
| American International Assurance Company (Australia) Limited | Australia | 100 |
| American International Assurance Company (Bermuda) Limited | Bermuda | 100 |
| American International Assurance Co. (Vietnam) Limited | Vietnam | 100 |
| Tata AIG Life Insurance Company Limited | India | 26 |
| Nan Shan Life Insurance Company, Ltd. | Taiwan | 95 |
| AIG Life Insurance Company | Delaware | 79[7] |
| AIG Life Insurance Company of Puerto Rico | Puerto Rico | 100 |
| AIG Liquidity Corp. | Delaware | 100 |
| AIG Marketing, Inc. | Delaware | 100 |
| AIG Private Bank Ltd. | Switzerland | 100 |

# Subsidiaries of Registrant Continued

| | Jurisdiction of Incorporation or Organization | Percentage of Voting Securities Owned by its Immediate Parent[2] |
|---|---|---|
| AIG Retirement Services, Inc. | Delaware | 100[8] |
|   SunAmerica Life Insurance Company | Arizona | 100 |
|     SunAmerica Investments, Inc. | Georgia | 70[9] |
|       AIG Advisor Group, Inc. | Maryland | 100 |
|         Advantage Capital Corporation | New York | 100 |
|         FSC Securities Corporation | Delaware | 100 |
|         Royal Alliance Associates, Inc. | Delaware | 100 |
|         Sentra Securities Corporation | California | 100 |
|         Spelman & Co., Inc. | California | 100 |
|         SunAmerica Securities, Inc. | Delaware | 100 |
|       AIG SunAmerica Life Assurance Company | Arizona | 100[10] |
|         AIG SunAmerica Asset Management Corp. | Delaware | 100 |
|           AIG SunAmerica Capital Services, Inc. | Delaware | 100 |
|       First SunAmerica Life Insurance Company | New York | 100 |
| AIG Risk Management, Inc. | New York | 100 |
| AIG Technologies, Inc. | New Hampshire | 100 |
| AIGTI, Inc. | Delaware | 100 |
| AIG Trading Group Inc. | Delaware | 100 |
|   AIG International, Inc. | Delaware | 100 |
| AIU Holdings, LLC | Delaware | 100 |
|   AIG Central Europe & CIS Insurance Holdings Corporation | Delaware | 100 |
|     AIG Bulgaria Insurance and Reinsurance Company EAD | Bulgaria | 100 |
|     AIG Czech Republic pojistovna, as | Czech Republic | 100 |
|     AIG Kazakhstan Insurance Company, S.A. | Kazakhstan | 88.87 |
|   AIU Africa Holdings, Inc. | Delaware | 100 |
|     AIG Kenya Insurance Company, Limited | Kenya | 100 |
|   AIG Memsa, Inc. | Delaware | 100 |
|     AIG Iraq | Delaware | 100 |
|     AIG Lebanon, S.A.L. | Lebanon | 100 |
|     AIG Libya, Inc. | Delaware | 100 |
|     AIG Hayleys Investment Holdings (Private) Ltd. | Sri Lanka | 80 |
|       Hayleys AIG Insurance Company, Ltd. | Sri Lanka | 100 |
|     AIG Sigorta A.S. | Turkey | 100 |
|     Tata AIG General Insurance Company Limited | India | 26 |
| AIU Insurance Company | New York | 52[11] |
| AIU North America, Inc. | New York | 100 |
| American General Corporation | Texas | 100 |
|   American General Bancassurance Services, Inc. | Illinois | 100 |
|   AGC Life Insurance Company | Missouri | 100 |
|     AIG Life Holdings (Canada), ULC | Canada | 100 |
|       AIG Assurance Canada | Canada | 100 |
|       AIG Life Insurance Company of Canada | Canada | 100 |
|     AIG Life of Bermuda, Ltd. | Bermuda | 100 |
|     American General Life and Accident Insurance Company | Tennessee | 100 |
|     American General Life Insurance Company | Texas | 100 |
|       American General Annuity Service Corporation | Texas | 100 |
|       AIG Enterprise Services, LLC | Delaware | 100 |
|       American General Equity Services Corporation | Delaware | 100 |
|       American General Life Companies, LLC | Delaware | 100 |
|       The Variable Annuity Life Insurance Company | Texas | 100 |
|         VALIC Retirement Services Company | Texas | 100 |
|         VALIC Trust Company | Texas | 100 |
|     American General Property Insurance Company | Tennessee | 51.85[12] |
|       American General Property Insurance Company of Florida | Florida | 100 |
|     AIG Annuity Insurance Company | Texas | 100 |

# Subsidiaries of Registrant Continued

| | Jurisdiction of Incorporation or Organization | Percentage of Voting Securities Owned by its Immediate Parent[1] |
|---|---|---|
| The United States Life Insurance Company in the City of New York | New York | 100 |
| American General Finance, Inc. | Indiana | 100 |
| American General Auto Finance, Inc. | Delaware | 100 |
| American General Finance Corporation | Indiana | 100 |
| MorEquity, Inc. | Nevada | 100 |
| Wilmington Finance, Inc. | Delaware | 100 |
| Merit Life Insurance Co. | Indiana | 100 |
| Yosemite Insurance Company | Indiana | 100 |
| CommoLoCo, Inc. | Puerto Rico | 100 |
| American General Financial Services of Alabama, Inc. | Delaware | 100 |
| American General Investment Management Corporation | Delaware | 100 |
| American General Realty Investment Corporation | Texas | 100 |
| American General Assurance Company | Illinois | 100 |
| American General Indemnity Company | Illinois | 100 |
| Knickerbocker Corporation | Texas | 100 |
| American Home Assurance Company | New York | 100 |
| AIG Domestic Claims, Inc. | Delaware | 50[13] |
| AIG Hawaii Insurance Company, Inc. | Hawaii | 100 |
| American Pacific Insurance Company, Inc. | Hawaii | 100 |
| American International Insurance Company | New York | 100 |
| American International Insurance Company of California, Inc. | California | 100 |
| American International Insurance Company of New Jersey | New Jersey | 100 |
| Minnesota Insurance Company | Minnesota | 100 |
| American International Realty Corp. | Delaware | 31.5[14] |
| Pine Street Real Estate Holdings Corp. | New Hampshire | 31.47[14] |
| Transatlantic Holdings, Inc. | Delaware | 33.41[15] |
| Transatlantic Reinsurance Company | New York | 100 |
| Putnam Reinsurance Company | New York | 100 |
| Trans Re Zurich | Switzerland | 100 |
| American International Insurance Company of Delaware | Delaware | 100 |
| American International Life Assurance Company of New York | New York | 77.52[16] |

# Subsidiaries of Registrant Continued

| | Jurisdiction of Incorporation or Organization | Percentage of Voting Securities Owned by its Immediate Parent[2] |
|---|---|---|
| American International Underwriters Corporation | New York | 100 |
| American International Underwriters Overseas, Ltd. | Bermuda | 100 |
| AIG Europe (Ireland) Limited | Ireland | 100 |
| AIG Europe (U.K.) Limited | England | 100 |
| AIG Brasil Companhia de Seguros | Brazil | 50 |
| AIG General Insurance (Vietnam) Company Limited | Vietnam | 100 |
| Universal Insurance Co., Ltd. | Thailand | 100 |
| La Seguridad de Centroamerica, Compania de Seguros S.A. | Guatemala | 100 |
| La Meridional Compania Argentina de Seguros | Argentina | 100 |
| American International Insurance Company of Puerto Rico | Puerto Rico | 100 |
| A.I.G. Colombia Seguros Generales S.A. | Colombia | 100 |
| American International Underwriters GmBH | Germany | 100 |
| Richmond Insurance Company Limited | Bermuda | 100 |
| Underwriters Adjustment Company, Inc. | Panama | 100 |
| American Life Insurance Company | Delaware | 100 |
| AIG Life (Bulgaria) Z.D. A.D | Bulgaria | 100 |
| ALICO, S.A | France | 100 |
| First American Polish Life Insurance and Reinsurance Company, S.A. | Poland | 100 |
| Inversiones Interamericana S.A. (Chile) | Chile | 100 |
| Pharaonic American Life Insurance Company | Egypt | 71.63 |
| Unibanco AIG Seguros S.A. | Brazil | 47.81[17] |
| AIG Life Insurance Company (Switzerland) Ltd. | Switzerland | 100 |
| American Security Life Insurance Company, Ltd. | Lichtenstein | 100 |
| Birmingham Fire Insurance Company of Pennsylvania | Pennsylvania | 100 |
| Commerce and Industry Insurance Company | New York | 100 |
| Commerce and Industry Insurance Company of Canada | Ontario | 100 |
| Delaware American Life Insurance Company | Delaware | 100 |
| Hawaii Insurance Consultants, Ltd. | Hawaii | 100 |
| HSB Group, Inc. | Delaware | 100 |
| The Hartford Steam Boiler Inspection and Insurance Company | Connecticut | 100 |
| The Hartford Steam Boiler Inspection and Insurance Company of Connecticut | Connecticut | 100 |
| HSB Engineering Insurance Limited | England | 100 |
| The Boiler Inspection and Insurance Company of Canada | Canada | 100 |
| The Insurance Company of the State of Pennsylvania | Pennsylvania | 100 |
| Landmark Insurance Company | California | 100 |
| Mt. Mansfield Company, Inc. | Vermont | 100 |
| National Union Fire Insurance Company of Pittsburgh, Pa. | Pennsylvania | 100 |
| American International Specialty Lines Insurance Company | Alaska | 70[18] |
| Lexington Insurance Company | Delaware | 70[18] |
| AIG Centennial Insurance Company | Pennsylvania | 100 |
| AIG Premier Insurance Company | Pennsylvania | 100 |
| AIG Indemnity Insurance Company | Pennsylvania | 100 |
| AIG Preferred Insurance Company | Pennsylvania | 100 |
| AIG Auto Insurance Company of New Jersey | New Jersey | 100 |
| JI Accident & Fire Insurance Co. Ltd. | Japan | 50 |
| National Union Fire Insurance Company of Louisiana | Louisiana | 100 |
| National Union Fire Insurance Company of Vermont | Vermont | 100 |
| 21st Century Insurance Group | California | 33.03[19] |
| 21st Century Insurance Company | California | 100 |
| 21st Century Casualty Company | California | 100 |
| 21st Century Insurance Company of the Southwest | Texas | 100 |
| Starr Excess Liability Insurance Company, Ltd. | Delaware | 100 |
| Starr Excess Liability Insurance International Ltd. | Ireland | 100 |

AIG - Form 10-K

# Subsidiaries of Registrant *Continued*

| | Jurisdiction of Incorporation or Organization | Percentage of Voting Securities Owned by its Immediate Parent[1] |
|---|---|---|
| NHIG Holding Corp. | Delaware | 100 |
| Audubon Insurance Company | Louisiana | 100 |
| Audubon Indemnity Company | Mississippi | 100 |
| Agency Management Corporation | Louisiana | 100 |
| The Gulf Agency, Inc. | Alabama | 100 |
| New Hampshire Insurance Company | Pennsylvania | 100 |
| AIG Europe, S.A. | France | 70.48[20] |
| AI Network Corporation | Delaware | 100 |
| American International Pacific Insurance Company | Colorado | 100 |
| American International South Insurance Company | Pennsylvania | 100 |
| Granite State Insurance Company | Pennsylvania | 100 |
| New Hampshire Indemnity Company, Inc. | Pennsylvania | 100 |
| AIG National Insurance Company, Inc. | New York | 100 |
| Illinois National Insurance Co. | Illinois | 100 |
| New Hampshire Insurance Services, Inc. | New Hampshire | 100 |
| AIG Star Life Insurance Co., Ltd | Japan | 100 |
| The Philippine American Life and General Insurance Company | Philippines | 99.78 |
| Pacific Union Assurance Company | California | 100 |
| Philam Equitable Life Assurance Company, Inc. | Philippines | 95.31 |
| Philam Insurance Company, Inc. | Philippines | 100 |
| Risk Specialist Companies, Inc. | Delaware | 100 |
| United Guaranty Corporation | North Carolina | 36.31[21] |
| A.I.G. Mortgage Holdings Israel, Ltd. | Israel | 82.12 |
| E.M.I.-Ezer Mortgage Insurance Company, Limited | Israel | 100 |
| AIG United Guaranty Agenzia DI Assicurazione S.R.L. | Italy | 100 |
| AIG United Guaranty Insurance (Asia) Limited | Hong Kong | 100 |
| AIG United Guaranty Re, Ltd. | Ireland | 100 |
| United Guaranty Insurance Company | North Carolina | 100 |
| United Guaranty Mortgage Insurance Company | North Carolina | 100 |
| United Guaranty Mortgage Insurance Company of North Carolina | North Carolina | 100 |
| United Guaranty Partners Insurance Company | Vermont | 80 |
| United Guaranty Residential Insurance Company of North Carolina | North Carolina | 100 |
| United Guaranty Residential Insurance Company | North Carolina | 75.03[22] |
| United Guaranty Commercial Insurance Company of North Carolina | North Carolina | 100 |
| United Guaranty Mortgage Indemnity Company | North Carolina | 100 |
| United Guaranty Credit Insurance Company | North Carolina | 100 |
| United Guaranty Services, Inc. | North Carolina | 100 |

(1) *All subsidiaries listed are consolidated in the accompanying financial statements. Certain subsidiaries have been omitted from the tabulation. The omitted subsidiaries, when considered in the aggregate as a single subsidiary, do not constitute a significant subsidiary.*

(2) *Percentages include directors' qualifying shares.*

(3) *The common stock is owned approximately 12.0 percent by Starr International Company, Inc., 1.8 percent by C.V. Starr & Co., Inc. and 2.0 percent by The Starr Foundation.*

(4) *Also owned 32.77 percent by National Union Fire Insurance Company of Pittsburgh, Pa.*

(5) *Also owned 10 percent by AIG Matched Funding Corp.*

(6) *Also owned 10 percent by a subsidiary of American Life Insurance Company.*

(7) *Also owned 21 percent by Commerce and Industry Insurance Company.*

(8) *Formerly known as AIG SunAmerica Inc.*

(9) *Also owned 30 percent by AIG Retirement Services, Inc.*

(10) *Formerly known as Anchor National Life Insurance Company.*

(11) *Also owned eight percent by The Insurance Company of the State of Pennsylvania, 32 percent by National Union Fire Insurance Company of Pittsburgh, Pa. and eight percent by Birmingham Fire Insurance Company of Pennsylvania.*

(12) *Also owned 48.15 percent by American General Life and Accident Insurance Company.*

(13) *Also owned 50 percent by The Insurance Company of the State of Pennsylvania.*

(14) *Also owned by 11 other AIG subsidiaries.*

(15) *Also owned 25.95 percent by AIG.*

(16) *Also owned 22.48 percent by American Home Assurance Company.*

# Subsidiaries of Registrant Continued

(17) Also owned 1.7 percent by American International Underwriters Overseas, Ltd. and .48 percent by American Home Assurance Company.

(18) Also owned 20 percent by The Insurance Company of the State of Pennsylvania and ten percent by Birmingham Fire Insurance Company of Pennsylvania.

(19) Also owned 16.85 percent by American Home Assurance Company, 6.34 percent by Commerce and Industry Insurance Company and 6.34 percent by New Hampshire Insurance Company.

(20) 100 percent held together with other AIG companies.

(21) Also owned 45.88 percent by National Union Fire Insurance Company of Pittsburgh, Pa., 16.95 percent by New Hampshire Insurance Company and 0.86 percent by The Insurance Company of the State of Pennsylvania.

(22) Also owned 24.97 percent by United Guaranty Residential Insurance Company of North Carolina.

AIG · Form 10-K

## CERTIFICATE OF SERVICE

I, Edward B. Micheletti, hereby certify that on August 28, 2006, a copy of the

Opening Brief in Support of Defendants' Motion to Dismiss and the Transmittal Affidavit of

Edward B. Micheletti to Defendants' Opening Brief in Support of Their Motion to Dismiss were

served on the following counsel of record:

VIA CM/ECF

Rodger D. Smith II, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

/s/ Edward B. Micheletti
Edward B. Micheletti (I.D. No. 3794)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000